OPINION
 

 Opinion by
 

 Justice FITZGERALD.
 

 Mark Bailey appeals a take-nothing judgment granted in favor of Angela Gardner, M.D. Bailey asserted a health care liability claim against Gardner. Gardner moved for and obtained summary judgment based upon the statute of limitations. In a single issue, Bailey contends the trial court erred in granting Gardner’s motion for summary judgment. For the reasons stated below, we affirm the trial court’s judgment.
 

 Background
 

 On March 12, 2001, when Bailey was seventeen years of age, Bailey’s aunt filed a lawsuit in the 44th Judicial District Court on Bailey’s behalf asserting a medical negligence claim against Gardner. The petition alleged that on March 25, 1999, when Bailey was fifteen years of age, he went to St. Paul Medical Center with pain and swelling in his left testicle. Gardner attended Bailey and prescribed Motrin, stating Bailey had epididymitis. No diagnostic tests were ordered or performed. Bailey was later admitted to Children’s Medical Center, diagnosed with testicular torsion, and had immediate surgery to remove his left testicle. On November 10, 2003, the date of the trial, Bailey requested a continuance because his expert witness was not available. The trial judge denied the request. Bailey filed a motion for nonsuit that same day and the case was dismissed without prejudice. The next day, Bailey, who was now twenty years of age, re-filed the lawsuit in the 14th Judicial District Court, alleging the same medical negligence claims against Gardner.
 

 Gardner filed an answer to the re-filed lawsuit and a motion to transfer the case from the 14th Judicial District Court to the 44th Judicial District Court. The judge of the 14th Judicial District Court granted Gardner’s motion and transferred the case to the 44th Judicial District Court. Gardner and Bailey entered into a Rule 11 agreement stipulating that the evidence from the first lawsuit would be admissible in the re-filed lawsuit. Gardner filed a motion for summary judgment, al
 
 *905
 
 leging under civil procedure rule 166a(a) the statute of limitations had expired. The trial court granted summary judgment.
 

 Standard of Review
 

 This Court reviews a summary judgment de novo to determine whether a party’s right to prevail is established as a matter of law.
 
 Dickey v. Club Corp. of Am.,
 
 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied). The standards for reviewing motions for summary judgment are well established.
 
 Nixon v. Mr. Property Mgmt. Co.,
 
 690 S.W.2d 546, 548-49 (Tex.1985);
 
 Thompson v. Curtis,
 
 127 S.W.3d 446, 449 (Tex.App.-Dallas 2004, no pet.). The movant for summary judgment has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c);
 
 M.D. Anderson Hosp. & Tumor Inst. v. Willrich,
 
 28 S.W.3d 22, 23 (Tex.2000) (per curiam);
 
 Mitchell v. Baylor Univ. Med. Ctr.,
 
 109 S.W.3d 838, 840 (Tex.App.-Dallas 2003, no pet.). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
 
 Nixon,
 
 690 S.W.2d at 548-49. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.
 
 Id.
 

 When a defendant moves for summary judgment on the affirmative defense of limitations, the defendant has the burden of conclusively establishing that defense as a matter of law.
 
 KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,
 
 988 S.W.2d 746, 748 (Tex.1999);
 
 Gibson v. Ellis,
 
 126 S.W.3d 324, 331 (Tex.App.-Dallas 2004, no pet.). Once the defendant establishes its right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact, thereby precluding summary judgment.
 
 Centeq Realty, Inc. v. Siegler,
 
 899 S.W.2d 195, 197 (Tex.1995);
 
 Mitchell,
 
 109 S.W.3d at 840.
 

 Discussion
 

 Bailey acknowledges he nonsuited his original lawsuit and re-filed the suit after the statute of limitations had run. Nonetheless, he argues the circumstances of this case are unusual, and the trial court should have “tempered the harshness of a statute of limitations” as other courts have done in unusual circumstances. Bailey asserts that if not for circumstances beyond his control, this lawsuit would have already proceeded through trial. We understand Bailey’s legal argument to be grounded in the doctrine of equitable tolling.
 
 [1]
 

 Gardner responds that because there is nothing unusual in this case that would cause an unjust result, this Court should find the equitable tolling theory is inapplicable. Gardner contends that because Bailey voluntarily nonsuited his lawsuit, then re-filed it after the limitations period had run, his claim is barred as a matter of law. Gardner further argues Bailey failed to show how he was unable to get his expert’s testimony after almost two years, and that he did not exercise due care in preventing the running of the limitations period.
 

 
 *906
 
 Bailey voluntarily nonsuited Ms original lawsuit on November 10, 2003. He re-filed the lawsuit on November 11, 2003. A lawsuit that is voluntarily abandoned does not interrupt the running of. the statute of limitations.
 
 Irwin v. Basham,
 
 507 S.W.2d 621, 625 (Tex.Civ.App.-Dallas 1974, writ ref'd n.r.e.). Thus, Bailey’s voluntary nonsuit is treated as though the first lawsuit had never been filed.
 
 See BHP Petroleum Co. v. Millard,
 
 800 S.W.2d 838, 841 (Tex.1990). The statute of limitations began to run on August 14, 2001, when Bailey reached eighteen years of age, and ran without interruption until it expired on October 28, 2003, two years and seventy-five days after his disability was removed. Fourteen days after the statute had run, Bailey re-filed the lawsuit.
 

 Equitable tolling applies in situations where a claimant actively pursued his judicial remedies but filed a defective pleading during the statutory period, or where a complainant was induced or tricked by his adversary’s misconduct into allowing filing deadlines to pass.
 
 See Czerwinski v. Univ. of Tex. Health Sch. Ctr. at Houston Sch. of Nursing,
 
 116 S.W.3d 119, 122-23 (Tex.App.-Hous. [14th Dist.] 2002, pet. denied). Bailey relies on the equitable tolling theory articulated in
 
 Palmer v. Enserch Corp.,
 
 728 S.W.2d 431 (Tex.App.Austin 1987, writ ref'd n.r.e.). Under this theory, statutes of limitation should not apply in situations in which no party is misled or disadvantaged by an error in pleading.
 
 Id.
 
 at 434. However, this theory has been applied when the wrong defendant is sued and the proper defendant is not named until after the limitations has expired.
 
 See Walls v. Travis County,
 
 958 S.W.2d 944, 946 (Tex.App.-Austin 1998, pet. denied). Here, Bailey did not file a defective pleading during the statutory period nor was he tricked by Gardner into allowing the deadline to pass. Instead, Bailey made a tactical decision to nonsuit his case rather than face trial without expert testimony to support his claim. Taking a voluntary nonsuit for tactical advantage will not support an equitable extension of the limitations period.
 
 See Irwin,
 
 507 S.W.2d at 625. We conclude equitable tolling does not apply to give Bailey an extension on the limitations period.
 

 Conclusion
 

 Because the limitations period had expired at the time Bailey re-filed the lawsuit, his cause of action was barred as a matter of law unless equitable tolling applies. The circumstances surrounding Bailey’s voluntary nonsuit of his claim do not support application of the doctrine of equitable tolling. Thus, the trial court did not err in granting Gardner’s summary judgment based upon the application of the statute of limitations. Accordingly, .we overrule Bailey’s sole issue on appeal.
 

 We affirm the trial court’s judgment.
 

 [1]
 

 . In casting his issue on appeal, Bailey avers that:
 

 [T|he Trial Court erred when it granted Defendant’s Motion for Summary Judgment because a genuine issue of material fact exists regarding the Defendant’s cognizance of the relevant facts.
 

 This formulation addresses only one facet of equitable tolling and thus focuses the limitations analysis much too narrowly. We will treat Bailey’s issue as complaining broadly of the trial court's granting of Gardner's summary judgment motion on limitations grounds in light of Bailey’s equitable tolling argument.