

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00041-CV

_____


DONALD RAY WILLIAMS, Appellant

V.

COX NEWSPAPERS, INC., ET AL., Appellees


On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 08-1068


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Inmate and pro se plaintiff, Donald Ray Williams, appeals the trial court's order dismissing his libel action against defendants *The Marshall News Messenger*, Cox Newspapers, Inc., and Phil Latham, editor of *The Marshall News Messenger*.  Because we conclude the trial court did not abuse its discretion by determining that Williams' suit was frivolous pursuant to Section 14.003 of the Texas Civil Practice and Remedies Code, we affirm the trial court's order.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (Vernon 2002).

## I.      FACTUAL AND PROCEDURAL HISTORY

### A.      Incident, Article, and Disposition of First Suit

After a confrontation involving Williams, his girlfriend,[1] her two young children, and, it seems, another, unidentified man, Williams was arrested and charged with aggravated assault.[2]  On December 6, 2006, *The Marshall News Messenger,* owned by Cox Newspapers, Inc., printed an article reporting that Williams had held his girlfriend and her children hostage at gunpoint. Defendants maintained that the information it printed was taken from a press release prepared by the Marshall Police Department concerning the incident.  Williams maintained that the reported facts were fabricated and sued *The Marshall News Messenger*, Cox Newspapers, Inc., and Latham,

---

[1]Williams refers to the female as his wife.  The record does not conclusively establish the nature of their relationship.

[2]We do not have a record of the criminal case against Williams in connection with this incident.  According to Williams, though, he was charged with aggravated assault with a deadly weapon, but pleaded guilty to possession of a firearm as a felon pursuant to a plea agreement.

alleging libel and defamation. Williams filed his original action October 29, 2007, under cause number 07-1042. Williams moved to dismiss his suit without prejudice, a motion the trial court granted May 8, 2008.

**B.      Second Action Filed, Dismissed with Prejudice**

Williams filed his second suit alleging libel with respect to the article November 21, 2008. Defendants, Cox Newspapers, Inc., *The Marshall News Messenger*, and Latham, moved to dismiss Williams' suit on January 29, 2009, pursuant to Section 14.003 of the Texas Civil Practice and Remedies Code. The trial court granted that motion February 5, 2009, concluding that the suit was statutorily frivolous under all the considerations found in Section 14.003(b) and dismissed the case without a hearing and with prejudice.

The trial court's order dismissing this case focused on two bases: application of the statute of limitations and application of the "fair report" privilege. More specifically, the trial court concluded that Williams' claims were barred by the applicable one-year statute of limitations and that the newspaper had no duty under the "fair report" privilege to investigate the facts contained in the Marshall Police Department's press release. Based on its application of procedural and substantive law, the trial court concluded that Williams' claim's realistic chance of success was slight, that his claim had no arguable basis in law or in fact, that Williams could not prove facts in support of his claim, and that the claim was substantially similar to a previous claim filed by Williams because the claim arose from the same operative facts.

### C.    Contentions On Appeal

On appeal, as in their motion to dismiss, Defendants assert that Williams' action is barred by the applicable statute of limitations.  They also contend the "fair report" privilege would apply here to protect them from liability for defamation.  Williams maintains that the statute of limitations was tolled and that the filing of his first suit would be the proper calculation of the statute of limitations.  He also maintains that the doctrine of equitable tolling should apply here and that he should be held to lesser standard than a licensed attorney.  Because, he contends, there are issues concerning both the application of the statute of limitations and the application of the fair report privilege, his suit has a realistic chance of success, that it, at least, has an arguable basis in fact or in law that would make dismissal improper under Section 14.003.

## II.    APPLICABLE LAW

### A.    Application of Chapter 14

Chapter 14 of the Texas Civil Practice and Remedies Code applies "to a suit brought by an inmate in a district, county, justice of the peace, or small claims court in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (Vernon 2002).  An "inmate" is "a person housed in a secure correctional facility." TEX. CIV. PRAC. & REM. CODE ANN. § 14.001(3) (Vernon 2002).

In his pro se pleadings, Williams identifies himself by his inmate identification number and states that he is presently confined in the Texas Department of Criminal Justice–Institutional

4

Division, establishing that he is an inmate within the meaning of Section 14.001(3). He filed his motion for leave to proceed *in forma pauperis* with affidavit of indigency in support and trust fund statement, and the trial court granted his motion, establishing that element of Section 14.002. To the extent Williams contends his suit is not a "claim"[3] and is not governed by Chapter 14, we disagree and will apply the procedure provided in Chapter 14.

### B.        Dismissal under Section 14.003

A trial court may dismiss a claim if the trial court determines the claim is frivolous. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2). Section 14.003 of the Texas Civil Practice and Remedies Code goes on to provide four considerations to guide the trial court's determination whether a claim is frivolous. The trial court may consider whether:

(1) the claim's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact;

(3) it is clear that the party cannot prove facts in support of the claim; or

(4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b).

---

[3]A "claim," as used in Chapter 14 of the Texas Civil Practice and Remedies Code, refers to "a cause of action governed by this chapter." TEX. CIV. PRAC. & REM. CODE ANN. § 14.001(1).

## C. Standard of Review

We review the trial court's dismissal of an indigent inmate's claim pursuant to Section 14.003 of the Texas Civil Practice and Remedies Code for an abuse of discretion. *Amir-Sharif v. Mason*, 243 S.W.3d 854, 856 (Tex. App.— Dallas 2008, no pet.); *Gowan v. Tex. Dep't of Criminal Justice*, 99 S.W.3d 319, 322 (Tex. App.—Texarkana 2003, no pet.).

## III. DISCUSSION

### A. Limitations Issue

One must bring a libel suit "not later than one year after the day the cause of action accrues." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.002(a) (Vernon 2002); *Roberts v. Davis*, 160 S.W.3d 256, 261 (Tex. App.—Texarkana 2005, pet. denied). The underlying suit in the instant case was filed on November 21, 2008. The article in question was published on December 6, 2006.

Williams' contentions on appeal seem to focus on three positions: (1) the running of limitations is measured from the filing of his first suit; (2) the doctrine of equitable tolling of limitations should apply here; and (3) he should be held to a lesser standard than a licensed attorney. We will address each of those positions in turn.

A lawsuit that is voluntarily abandoned does not interrupt the running of the statute of limitations. *Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App.—Dallas 2005, no pet.). Therefore, if a suit is dismissed, the statute of limitations is not tolled for any new pleading filed. *Cunningham v. Fox*, 879 S.W.2d 210, 212 (Tex. App.—Houston [14th Dist.] 1994, writ denied); *Cronen v. City*

*of Pasadena*, 835 S.W.2d 206, 210 (Tex. App.—Houston [1st Dist.] 1992), *disapproved on other grounds by Lewis v. Blake*, 876 S.W.2d 3, 4 (Tex. 1994). So, when a case is dismissed, limitations run from the time the cause of action accrued until the date of the refiling. *Cunningham*, 879 S.W.2d at 212; *Cronen*, 835 S.W.2d at 210. Here, then, the applicable limitations period is calculated without reference to Williams' first suit. *See Cunningham*, 879 S.W.2d at 212.

The limitations period began to run on December 6, 2006, when the article was published,[4] and continued to run without interruption until it expired on December 6, 2007, one year after the article was published. Three-hundred fifty-one days—nearly one year—after the statute had run, Williams refiled his lawsuit. *See Bailey*, 154 S.W.3d at 920.

Williams further contends that even if the statute of limitations had expired pursuant to calculation from the date he refiled his suit, the doctrine of equitable tolling should apply here. Equitable tolling applies in situations where a claimant actively pursued his or her judicial remedies, but filed a defective pleading during the statutory period, or where a complainant was induced or tricked by his or her adversary's misconduct into allowing filing deadlines to pass. *Id.* at 920; *Smith v. J-Hite, Inc.*, 127 S.W.3d 837, 843 (Tex. App.—Eastland 2003, no pet.).

Williams does not contend and does not show that he actively pursued his judicial remedies, but filed a defective pleading during the statutory period. Likewise, nothing in the record suggests

---

[4]Williams does not assert that the discovery rule would operate in such a way that any other date should be used to begin the tolling of the statute of limitations. *See White v. Cole*, 880 S.W.2d 292, 294–95 (Tex. App.—Beaumont 1994, writ denied).

that Defendants tricked or somehow induced Williams into allowing the limitations period to expire. The doctrine of equitable tolling does not operate on these facts to toll the applicable one-year statute of limitations.

A pro se litigant is held to the same standards as a licensed attorney and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Amir-Sharif*, 243 S.W.3d at 856. Williams' lack of "legal training" does not mean that we forego the fundamental procedural mechanisms in place. That Williams is untrained in the law does not mean that he enjoys an extended limitations period in which to bring his suit.

Because the limitations period had expired when Williams refiled his lawsuit, his cause of action was barred as a matter of law unless equitable tolling would apply. The circumstances surrounding Williams' voluntary dismissal of his claim do not support application of the doctrine of equitable tolling. *See Bailey*, 154 S.W.3d at 920. Nor does his lack of experience in the law extend the limitations period in which he could bring suit. The trial court did not abuse its discretion by determining the suit was frivolous since it properly concluded that the statute of limitations had run.

**B.     On the Merits**

Williams also challenges the trial court's conclusions as to the substantive law involved in the case. Although the limitations issue on its own would support the trial court's determination that the suit was frivolous, we will address this contention to be thorough.

The "fair report" privilege is thoroughly addressed under circumstances similar to the instant case in *Goss v. Houston Community Newspapers*, 252 S.W.3d 652, 655–56 (Tex. App.—Houston [14th Dist.] 2008, no pet.). "The publication of defamatory matter concerning another in a report of an official action or proceeding or of a meeting open to the public that deals with a matter of public concern is privileged if the report is accurate and complete or a fair abridgment of the occurrence reported." *Id.* at 655 (quoting *Freedom Communs., Inc. v. Sotelo*, No. 11-05-00336-CV, 2006 Tex. App. LEXIS 5132, at *9 (Tex. App.—Eastland June 15, 2006, no pet.) (mem. op.)). Official statements from law enforcement, including press releases, trigger application of this privilege.[5] *Id.* So long as the publication at issue fairly and accurately reports the contents of the law enforcement statement without embellishment, the publication is privileged, even if the underlying facts being reported on are untrue or defamatory. *Id.* Put another way, the accuracy of the publication is determined not by comparing it to the actual facts but to the law enforcement statement upon which the publication is based. *Id.*

The *Goss* court rejected the appellant's contention/suggestion that the newspaper had the duty to conduct an independent investigation of the events detailed in the sheriff's department. *Id.* at 656. The newspaper was "entitled to rely on official information from the police." *Id.*

Williams does not contend that the article is not accurate and complete or is not a fair abridgment of the occurrence reported in the police department's news release. Rather, he, like

[5]The Houston Fourteenth Court provides a thorough list of cases, noting the nature of the publication triggering the privilege in each case. *See Goss*, 252 S.W.3d at 655.

Goss, maintains that the newspaper had a duty to investigate the facts detailed in the news release. We agree with our sister court in concluding that the newspaper, on these facts, had no such duty. With that, the trial court did not abuse its discretion when it determined that Williams' lawsuit was frivolous. His position with respect to the fair report privilege does not pose an arguable legal or factual issue even if the suit were not barred by the statute of limitations. We overrule Williams' contention.

## IV.    CONCLUSION

Neither the limitations issue nor the fair report privilege issue present an arguable basis in law or in fact. The trial court did not abuse its discretion when it determined that Williams' lawsuit was frivolous and dismissed it. Having overruled Williams' contentions, we affirm the trial court's order dismissing Williams' lawsuit with prejudice.


Jack Carter
Justice


Date Submitted:    July 20, 2009
Date Decided:    July 31, 2009

10