# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2012

No. 11-10429
Summary Calendar

Lyle W. Cayce
Clerk

TRACY JO RHINE,

Plaintiff - Appellant

v.

CARL DEATON; YOLANDA DEATON; DEAN SWANDA; KELLY SWANDA; SAN ANTONIO EXPRESS NEWSPAPER; THOMAS A. STEPHENSON; ROBERT RIVARD; JUNE WORMSLEY; MELISSA FLETCHER STOELTJE; TOM PENNINGTON; HEARST COMMUNICATIONS, INC.; HEARST NEWSPAPERS PARTNERSHIP, L.P.,

Defendants - Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-26

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Tracy Jo Rhine, federal prisoner # 38612-177, proceeding *pro se* and *in forma pauperis*, challenges the dismissal of her action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10429

Such a dismissal is reviewed *de novo*, using the same standard applicable to dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation and internal quotation marks omitted).

Rhine challenges the dismissal of her libel and slander claims. Therefore, her invasion-of-privacy and constitutional claims (added to original complaint, based on diversity jurisdiction) are abandoned. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

The libel and slander claims concern a 4 October 2009 article published online by a San Antonio, Texas, newspaper. Rhine alleged: she did not read it until 18 March 2010; and, she was not allowed access to her legal materials from 18 June 2010 to 8 October 2010. This action was filed in December 2010.

Texas' one-year statute of limitations was properly applied to Rhine's libel and slander claims (state-law; diversity jurisdiction claimed). *See Huss v. Gayden*, 571 F.3d 442, 449-50 (5th Cir. 2009); Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a). As the allegedly libelous and slanderous communications were published, and thus publicly available, the discovery rule was not applicable. *Kelley v. Rinkle*, 532 S.W.2d 947, 949 (Tex. 1976). And, Rhine was not entitled to equitable tolling on the claimed basis that she had little or no access to necessary materials for several months in prison. *Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App. 2005). As such, the statute of limitations bars these claims.

AFFIRMED.