# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40219
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2016

OTTO CAULEY,

Lyle W. Cayce
Clerk

Plaintiff-Appellant

v.

FNU DAWSON, Warden; FNU STATS, Assistant Warden; FNU SAMUELS, Captain; FNU MOORE, Doctor; FNU HOLLOWAY, Nurse; L. WRIGHT, Nurse,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CV-571

Before REAVLEY, SMITH, and HAYNES*, Circuit Judges.

PER CURIAM: **

Otto Cauley, Texas prisoner # 1683960, appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous.

An in forma pauperis complaint may be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) if it fails to state a claim upon which relief may be granted. "In

---

* Judge Haynes concurs in the judgment only.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40219

an action under section 1915, a district court may raise the defense of limitations sua sponte." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citation omitted). "Dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." *Id.*

As Congress has not provided a statute of limitations in § 1983 cases, the federal courts borrow from the forum state's general personal-injury limitations period. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Texas, the pertinent limitations period is two years from the day the cause of action accrues. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a) (West 2005); *see also Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993) (borrowing two-year statute of limitations period from Texas law for § 1983 case).

Although state law controls the limitations period for § 1983 claims, federal law determines when a cause of action accrues. *Pete*, 8 F.3d at 217. "The federal standard provides that a cause of action under section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (citation and internal quotations marks omitted). Cauley does not dispute the district court's finding that his cause of action against the individuals accrued no later than January 12, 2011. Cauley also does not dispute the district court's finding that he first raised his claims against the individual defendants when he filed the amended complaint on May 8, 2013—or more than two years after his cause of action accrued. Therefore, unless Cauley is excused from compliance with the applicable two-year limitations period, his claims against the individual defendants must be dismissed as time barred.

Citing *Gillig v. Nike, Inc.*, 602 F.3d 1354 (5th Cir. 2010), Cauley argues that the statute of limitations for his claims should have been tolled while an

No. 15-40219

earlier lawsuit was pending. However, Cauley has failed to show how the earlier dismissed lawsuit was a "predicate action," or how the extant lawsuit "is contingent on the [earlier] action's determination of rights." *Id.* at 1358. Cauley also argues that the statute of limitations should have been equitably tolled because he was placed in segregation and was denied access to legal materials for 150 days. While Texas courts recognize that the doctrine of equitable tolling applies under certain circumstances, *see Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App. 2005), Cauley has failed to establish that he is entitled to equitable tolling in this case.

The district court's judgment is AFFIRMED.