

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00346-CV

_____

CLINTON MARTIN, Appellant

V.

EVAN CLARK STONE AND ELTON CARL STONE D/B/A E.C. STONE
DRILLING CO., Appellees

---

On Appeal from the 17th District Court
Tarrant County, Texas
Trial Court No. 017-330547-21

---

Before Sudderth, C.J.; Birdwell and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Clinton Martin nonsuited his case against Appellees Evan Clark Stone and Elton Carl Stone, then several months later, he refiled his lawsuit on the last day of the limitations period. After refiling, Martin's counsel emailed the Stones' prior law firm to see if it would accept service on the Stones' behalf. He then waited two months to follow up and then waited another month and a half to have citation issued. The trial court granted the Stones' motion for summary judgment on their statute of limitations defense, and Martin challenges that ruling. Martin claims that he raised a fact issue regarding (1) his due diligence in serving the Stones and (2) alternatively, whether the Stones were equitably estopped from asserting limitations based on their law firm's communications. We will affirm.

## I. Background

Martin originally sued the Stones in 2020, but he later nonsuited his case. About five months after nonsuiting, Martin hired new counsel (Counsel) and filed suit again on November 29, 2021, the last day of the limitations period. Assuming that the Stones would be represented by the same law firm that had represented them in the nonsuited case, Counsel emailed the Stones' prior law firm to see if it would accept service on the Stones' behalf.[1] An attorney at the prior law firm responded,

---

[1]While the law firm that had represented the Stones in the nonsuited lawsuit ultimately represented the Stones in the second lawsuit as well, this appeal focuses on the period for service of citation of the second lawsuit, a period during which the Stones had no attorney of record. Because the evidence indicated that the law firm

"I'll check."[2] But Counsel allowed two months to pass before he followed up on the matter. On February 1, when Counsel contacted the prior law firm again, Counsel was informed that the prior law firm was not authorized to accept service for the Stones.[3] Upon learning this, Counsel did nothing with regard to effectuating service on the Stones.

Instead, a few weeks later, Counsel moved to withdraw, and he set his motion for a hearing in mid-March. According to Martin,[4] at the hearing on Counsel's motion to withdraw, the trial court advised Counsel to request citation before withdrawing. Counsel requested citation the next day, and about a week later—113 days after the limitations period ended—Elton Stone was served. Evan Stone was never served, but he nonetheless filed an answer.

---

was not authorized to accept service for the Stones in the second lawsuit, and because there was no evidence that the Stone's prior law firm held itself out as counsel for the Stones in the interim between the two suits, we refer to the law firm as the Stones' prior law firm.

[2]Counsel had emailed the Stones' prior law firm "to talk with [it] about the case" about two weeks before filing suit, but he received no response.

[3]Specifically, a paralegal at the law firm stated that the firm "never received approval from our carrier to [accept service for the Stones]."

[4]We were not provided with a transcript from the hearing on Counsel's motion to dismiss, and Counsel's sworn declaration did not recite what occurred at the hearing. But in Martin's unsworn response to the Stones' motion for summary judgment, Martin indicated that, "[a]t the hearing, the Court advised [Counsel] to request citation."

The Stones pleaded the statute of limitations as an affirmative defense, and they moved for traditional summary judgment on that basis. *See* Tex. R. Civ. P. 166a(c). Martin responded by arguing that Counsel's actions were reasonable given the prior litigation between the parties. He provided an affidavit from Counsel explaining his service-related actions and stating that, "[b]ecause loss of evidence was not a concern, [he] did not view service of process as urgent, and working informally with opposing counsel seemed reasonable." In the alternative, Martin asserted that the Stones were equitably estopped from relying on their limitations defense because "[the Stones'] attorneys made representations that induced [Martin] to delay service of citation."

The trial court granted summary judgment on the limitations issue.

## II. Discussion

Martin challenges the trial court's summary judgment on two grounds.[5] He asserts that he raised a fact issue regarding (1) his exercise of due diligence and (2) alternatively, the Stones' being equitably estopped from asserting limitations.

### A. Standard of review

We review a summary judgment de novo, viewing the evidence in the light most favorable to the nonmovant. *Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 509

---

[5]In his brief, Martin lists a single issue presented: whether "the trial court err[ed] in granting Appellees' motion for summary judgment on limitations." But the substance of his argument raises two primary grounds for reversal.

4

(Tex. 2022); *Draughon v. Johnson*, 631 S.W.3d 81, 88 (Tex. 2021). The statute of limitations is an affirmative defense, *see* Tex. R. Civ. P. 94, and a defendant is entitled to summary judgment on this defense if the defendant conclusively proves (1) when the cause of action accrued and (2) that the statute of limitations has run. *Draughon*, 631 S.W.3d at 88–89; *see* Tex. R. Civ. P. 166a(c). "If service is *diligently* effected after limitations has expired, the date of service will relate back to the date of filing," but if the plaintiff fails to exercise due diligence in the issuance and service of citation, the "timely filed suit will not interrupt the running of limitations." *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (emphasis added); *see Tate v. Beal*, 119 S.W.3d 378, 380 (Tex. App.—Fort Worth 2003, pet. denied). Accordingly, "'when failure to timely serve the defendant has been shown,' the defendant moving for summary judgment has carried its burden to prove conclusively that limitations expired, and 'the burden shifts to the plaintiff . . . to explain the delay'" by "rais[ing] a material fact issue concerning the diligence of service efforts." *Draughon*, 631 S.W.3d at 94 (first quoting *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990); and then quoting *Proulx*, 235 S.W.3d at 216).

## B.    Due diligence

Martin argues that he raised a fact issue regarding his due diligence in serving the Stones. He claims that the present case is essentially a continuation of his first,

5

nonsuited lawsuit and that because "the statute of limitations' purpose was satisfied" by the first lawsuit, Counsel was reasonable to view service as non-urgent.[6]

But the filing of a suit will not interrupt the running of limitations absent diligent service. *See Proulx*, 235 S.W.3d at 215. Diligence of service, not reasonableness of delay, is the legal standard to be applied. The question presented here is whether Counsel exercised diligence in serving the Stones. *See Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169–70 (Tex. App.—Texarkana 1997, no writ) (holding no evidence of due diligence when plaintiff delayed service based in part on ignorance of the law).

A plaintiff has a "continuous" duty to exercise due diligence "from the date suit is filed until [the date] service is obtained." *Perez v. Thomas*, No. 02-18-00253-CV, 2019 WL 2432155, at \*2 (Tex. App.—Fort Worth June 6, 2019, no pet.) (mem. op.) (quoting *Tate*, 119 S.W.3d at 380); *Erven v. Springer*, No. 02-16-00350-CV, 2017 WL

---

[6]To the extent that Martin argues that his prior, nonsuited case mooted the diligent-service requirement, we disagree. A party may not disregard the statute of limitations—or its corresponding diligent-service requirement—based on the existence of a prior, nonsuited case. *Cf. CHCA Woman's Hosp., L.P. v. Lidji*, 403 S.W.3d 228, 233 (Tex. 2013) ("[A] voluntary nonsuit does not interrupt the running of the statute of limitations."); *Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App.—Dallas 2005, no pet.) (holding plaintiff's suit barred by limitations when plaintiff nonsuited case after limitations expired and attempted to refile a day later); *Clary Corp. v. Smith*, 949 S.W.2d 452, 459 (Tex. App.—Fort Worth 1997, pet. denied) (op. on remand) (explaining that, "[w]hen a cause of action is dismissed and later refiled, limitations are calculated to run . . . until the date that the claim is refiled" because the nonsuit "is equivalent to a suit never having been filed"). Just as Martin was required to file his second suit within the limitations period, he was required to diligently serve the Stones with that second suit after limitations had run.

2471096, at *3 (Tex. App.—Fort Worth June 8, 2017, no pet.) (mem. op.) (same). The plaintiff fulfills this duty if he "act[s] as an ordinarily prudent person would have acted under the same or similar circumstances and [i]s diligent up until the time the defendant [i]s served." *Proulx*, 235 S.W.3d at 216; *see Perez*, 2019 WL 2432155, at *2. When "one or more lapses between service efforts are unexplained or patently unreasonable," the plaintiff's lack of due diligence can be determined as a matter of law. *Proulx*, 235 S.W.3d at 216.

Here, Martin had two unexplained lapses that together spanned more than three months.

The first lapse came after Counsel contacted the Stones' prior law firm to see if it would accept service. Counsel waited more than two months to follow up with the firm,[7] and Martin provided no reasonable explanation for this two-month gap. *See Tran v. Trejos*, No. 14-17-00998-CV, 2019 WL 962605, at *3 (Tex. App.—Houston [14th Dist.] Feb. 28, 2019, no pet.) (mem. op.) (collecting cases showing that "[c]ourts consistently hold that due diligence is lacking as a matter of law when unexplained lapses of time exist between filing suit, issuance of citation, and service"); *cf. Erven*,

---

[7]Counsel attempted to shift the burden to the Stones' prior law firm, stating that "[o]pposing counsel did not contact [him] again" after telling him that it would "check" and stating that he "d[id] not know why [the law firm's lack of approval to accept service] was not conveyed to [him] before" he followed up. But "[t]he duty to exercise diligence is a continuous one," *Perez*, 2019 WL 2432155, at *2 (quoting *Tate*, 119 S.W.3d at 380), and that duty is on the plaintiff—not the defendant or the defendant's prior law firm. It was Martin's responsibility to follow up with the law firm, and he provided no explanation for his two-month delay in doing so.

2017 WL 2471096, at *4 (holding nonmovant failed to raise fact issue on due diligence when affidavits "wholly failed to explain [several] significant periods of inaction" including a "nearly six-week gap between when the suit was filed . . . and when [the plaintiff's] law firm sent the citation to [the process server's] company for service"). Although Counsel later claimed that he had been "working informally with opposing counsel" during this time, the limitations clock continued to run, and there is no evidence that the Stones—through their prior law firm or otherwise—agreed to delay service during this period. *Cf. Sharp v. Kroger Tex. L.P.*, 500 S.W.3d 117, 121 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (noting that plaintiff "presented no evidence that the parties agreed to delay service during settlement negotiations" and holding that "[u]nilaterally waiting to serve a defendant during settlement negotiations is not due diligence").

Nor did Martin provide a reasonable explanation for his second lapse: the month and a half between learning that the Stones' prior law firm was not authorized to accept service (on February 1, 2021) and requesting the issuance of citation (on March 14, 2021). Counsel noted that he "was considering withdrawing" in early February, that he filed his motion to withdraw in mid-February, and that he set the motion for a hearing in mid-March. But the filing of a motion to withdraw neither stops the limitations clock nor negates the necessity of exercising diligence in procuring service. *Cf. Tran*, 2019 WL 962605, at *4 (holding plaintiff did not raise fact issue on due diligence and stating that "it is not reasonably diligent to allow more than

8

three months to pass without affirmatively checking the status of a pending motion to substitute counsel when the party knows that service has not been achieved"); *Samaniego v. Silguero*, No. 03-14-00795-CV, 2016 WL 4091284, at *2 (Tex. App.—Austin July 28, 2016, no pet.) (mem. op.) (holding plaintiff did not present fact issue on due diligence and noting that "[a]lthough [plaintiff] attributes six months of th[e] delay [in service] to her inability to find new counsel . . . , the applicable standard is whether she exercised reasonable diligence *in procuring service*, not in procuring counsel").

Because Martin's three-and-a-half-month "lapse[] between service efforts [is] unexplained or patently unreasonable," *Proulx*, 235 S.W.3d at 216, he failed to raise a fact issue regarding his due diligence in serving the Stones.[8] We overrule this challenge to the trial court's summary judgment.

## C. Equitable estoppel

In the alternative, Martin argues that he raised a fact issue on whether the Stones are equitably estopped from asserting limitations.

---

[8]In the alternative, Martin argues that he raised a fact issue on due diligence because Counsel made "miscalculations . . . concerning [the] inapplicability of the due diligence requirement." But again, ignorance of the law does not excuse a lack of due diligence. *Weaver*, 942 S.W.2d at 169 (holding no evidence of due diligence when plaintiff delayed service based in part on ignorance of the law). Plus, Martin did not raise his "miscalculations" argument below. *See* Tex. R. App. P. 33.1(a); *San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 210 (Tex. 1990); *Conyer v. Reyes*, No. 02-12-00440-CV, 2014 WL 1704216, at *1 (Tex. App.—Fort Worth Apr. 30, 2014, no pet.) (mem. op.).

"Equitable estoppel may bar a defense of limitations when a party, his agent, or representative makes representations that induce a plaintiff to delay filing suit[9] until the limitations period has run." *Lewallen v. Cross*, No. 03-14-0026-CV, 2014 WL 4365081, at *5 (Tex. App.—Austin Aug. 27, 2014, no pet.) (mem. op.); *see Cook*, 673 S.W.2d at 235. This doctrine requires evidence of five elements: "(1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515–16 (Tex. 1998); *Woods v. Soules*, No. 02-17-00336-CV, 2018 WL 2248488, at *2 (Tex. App.—Fort Worth May 17, 2018, pet. denied) (mem. op.). To avoid a limitations summary judgment based on the doctrine of equitable

---

[9]Martin has not cited any case law that applies this doctrine when the limitations issue stems from untimely service as opposed to untimely filing. *Cf. Medina v. Tate*, 438 S.W.3d 583, 585, 591–92 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (discussing equitable estoppel when plaintiff filed suit the day after limitations expired), *abrogated on other grounds by Ferrer v. Almanza*, No. 21-0513, 2023 WL 3134626, at *4–5 (Tex. Apr. 28, 2023); *Cook v. Smith*, 673 S.W.2d 232, 234–36 (Tex. App.—Dallas 1984, writ ref'd n.r.e.) (discussing equitable estoppel when plaintiff added correct defendant after limitations expired); *Gibson v. John D. Campbell & Co.*, 624 S.W.2d 728, 730, 732–33 (Tex. App.—Fort Worth 1981, no writ) (discussing equitable estoppel when fact issue existed regarding whether suit was timely based on discovery rule). For purposes of our analysis, we assume without deciding that the doctrine could apply under these circumstances. *Cf. Cook*, 673 S.W.2d at 236 (rejecting argument that equitable estoppel could not exist when plaintiff timely sued wrong party and commenting that "estoppel should be flexible enough to embrace a situation in which a party relies on a misrepresentation to the point where he cannot *effectively* exercise their rights").

estoppel, the plaintiff must raise a fact issue regarding each element. *Woods*, 2018 WL 2248488, at *2.

Here, Martin failed to do so. In the trial court, the entirety of Martin's estoppel argument was conclusory:

> Additionally, under these circumstances, the doctrine of equitable estoppel, which [Martin] has pleaded in his Supplemental Petition, bars [the Stones] from raising the defense of limitations because [the Stones'] attorneys made representations that induced [Martin] to delay service of citation. *See Medina v. Tate*, 438 S.W.3d 583, 591 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (holding that the doctrine of estoppel can bar a defendant from raising the defense of limitations when it, or its agent or representative, made representations that induced the plaintiff to delay filing suit until after limitations had run).

[Formatting altered.[10]] Martin did not identify what the false representations were, what facts the Stones' prior law firm had knowledge of that Martin did not, or how Martin detrimentally relied on the representations.

Furthermore, when equitable estoppel is asserted to avoid a limitations defense, "the failure to file suit must be 'unmixed' with any want of diligence on the plaintiff's part." *Id.* (quoting *Leonard v. Eskew*, 731 S.W.2d 124, 129 (Tex. App.—Austin 1987, writ ref'd n.r.e.) (op. on reh'g)). And as we have already held, Martin did not exercise due diligence in serving the Stones.

Therefore, we overrule this challenge to the trial court's summary judgment.

---

[10]Martin's citation to *Medina* appeared in a footnote, but we include it as an in-text citation to reflect the totality of his argument.

## III.  Conclusion

Having overruled both of Martin's challenges, we affirm the trial court's summary judgment.  *See* Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  May 18, 2023