# IN THE SUPREME COURT OF TEXAS

════════════

No. 12-0357

════════════

CHCA WOMAN'S HOSPITAL, L.P. D/B/A THE WOMAN'S HOSPITAL OF TEXAS AND
WOMAN'S HOSPITAL OF TEXAS, INC., PETITIONERS,

v.

SCOTT LIDJI AND ANGELA LIDJI, AS NEXT FRIENDS OF R. L., A MINOR,
RESPONDENTS

══════════════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS

══════════════════════════════════════════════════════

**Argued February 5, 2013**

JUSTICE LEHRMANN delivered the opinion of the Court.

In this interlocutory appeal, we are once again called upon to interpret and apply the Texas

Medical Liability Act's (TMLA) expert-report requirement, contained in section 74.351 of the Texas

Civil Practice and Remedies Code. With respect to health care liability claims governed by the

TMLA, a claimant is generally required to serve an expert report on each physician or health care

provider against whom such a claim is asserted no later than 120 days after the original petition is

filed. TEX. CIV. PRAC. & REM. CODE § 74.351(a).[1] Failure to do so results in dismissal of the claim

---

[1] Section 74.351(a) was recently amended, and the amended statute will take effect on September 1, 2013. *See* Act of May 26, 2013, 83rd Leg., R.S., ch. __, § __, __ Tex. Gen. Laws __, __. The amendment does not affect this case and is not referenced further in this opinion.

with prejudice and an award of attorney's fees on the motion of the affected defendant. *Id.* § 74.351(b). The issue presented here is whether a claimant's nonsuit of a health care liability claim before the expiration of the 120-day period tolls the expert-report period until suit is refiled. For the reasons discussed below, we hold that it does and therefore affirm the court of appeals' judgment.

## I. Background

Scott and Angela Lidji, as next friends of their daughter, R.L., sued CHCA Woman's Hospital, L.P. d/b/a The Woman's Hospital of Texas and Woman's Hospital of Texas, Inc. (CHCA) for injuries sustained by R.L. following her premature birth. The Lidjis allege that, as a result of improper treatment while in CHCA's Neonatal Intensive Care Unit, R.L. suffered severe and permanent neurological damage. The Lidjis filed a health care liability claim against CHCA on April 2, 2009 (the First Suit). On July 27, 2009, 116 days after filing their original petition, the Lidjis nonsuited their claim. Just over two years later, on August 15, 2011, the Lidjis filed a new lawsuit against CHCA and several other health care providers (the Second Suit).[2] The same day they filed the Second Suit,[3] the Lidjis served an expert report on CHCA.

CHCA objected to the report as untimely and moved to dismiss the claim against it with prejudice. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(b). CHCA asserted that the deadline to serve the report expired on July 31, 2009, which was the 120th day after the Lidjis filed their original

---

[2] The other defendants in this suit are William Scott Jarriel, M.D., Karen T. Deville, M.D., Brenda H. McIntyre, M.D., Deborah Selma Enad de Guzman, M.D., and Medical Center Neonatology Associates, P.A. They were not named in the First Suit and are not parties to the interlocutory appeal.

[3] The Lidjis filed and served their original petition in the Second Suit well within the TMLA's statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 74.251 (subject to a ten-year statute of repose, minors under the age of 12 shall have until their 14th birthday to file, or have filed on their behalf, a health care liability claim).

2

petition in the First Suit.[4] The Lidjis responded that their nonsuit tolled the expert-report deadline, such that they had four days after filing the original petition in the Second Suit to serve the report on CHCA. The trial court overruled CHCA's objection and denied the motion to dismiss.

CHCA appealed the trial court's order. *See id.* § 51.014(a)(9) (allowing an interlocutory appeal from an order denying relief sought under section 74.351(b)). The court of appeals affirmed, holding that "a claimant's nonsuit, filed prior to the expiration of section 74.351's 120-day time period for serving expert reports, tolls the running of the 120-day period until the claimant re-files his claims, at which point the claimant has the time remaining from the 120-day period to serve the defendant with his expert report." 369 S.W.3d 488, 496. Accordingly, the court of appeals concluded that the Lidjis timely served their expert report on day 117 of the statutory period. *See id.*

CHCA now seeks interlocutory review by this Court. The Lidjis moved to dismiss CHCA's petition for review, arguing that we lack subject matter jurisdiction over the merits of the appeal. We first determine whether we have such jurisdiction before resolving the substantive issue presented.

## II. Interlocutory Appeal Jurisdiction

As indicated above, a party who has been denied relief sought under section 74.351 of the TMLA may seek an interlocutory appeal of the trial court's order. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(9). However, the court of appeals' judgment in an interlocutory appeal is generally final,

---

[4] CHCA did not object to the report on any other grounds.

and we lack jurisdiction over such cases unless a specific exception applies. TEX. GOV'T CODE § 22.225(b)(3). One such exception allows us to consider a petition for review on interlocutory appeal in a case in which the court of appeals "holds differently from a prior decision of another court of appeals . . . on a question of law material to a decision of the case." *Id.* § 22.001(a)(2); *accord id.* § 22.225(c). For jurisdictional purposes, "one court holds differently from another when there is inconsistency in their respective decisions that should be clarified to remove unnecessary uncertainty in the law and unfairness to litigants." *Id.* § 22.001(e). CHCA asserts that the court of appeals' decision in this case conflicts with that of the Third Court of Appeals in *Estate of Allen v. Scott & White Clinic*, No. 03-08-00576-CV, 2011 WL 2993259 (Tex. App.—Austin July 22, 2011, no pet.) (mem. op.), thereby conferring jurisdiction. We agree.

In *Estate of Allen*, the claimant Estate sued several health care providers under the TMLA and nonsuited its claims 118 days after filing its original petition. *Id.* at *2. Nearly four months later, the Estate filed a second TMLA suit against the providers and attached an expert report to its petition. *Id.* On the date the petition in the second suit was filed, the Estate made arrangements for the sheriff's office to serve the providers with process and furnished the office with the relevant documents; however, the providers were not actually served with the petition and expert report until four days later. *Id.* The trial court granted the providers' motion to dismiss. *Id.* The court of appeals affirmed, holding that the "Estate's decision to nonsuit [the providers] did not toll the passage of the 120-day deadline." *Id.* at *5. This is the exact opposite conclusion, on the same issue, that the court of appeals reached in the case at hand.

The Lidjis contend that the court of appeals' discussion of the tolling issue in *Estate of Allen* was dicta, as the focus of the parties' dispute in that case was not whether the nonsuit tolled the report deadline, but whether the Estate's service of the report two days *after* the tolled deadline should relate back to the date it made arrangements for service because it acted with due diligence in attempting to serve the providers. The Lidjis, however, mischaracterize the holding in *Estate of Allen*. The court of appeals expressly decided that case on the tolling issue, holding that the deadline expired before "the Estate made arrangements to serve and actually served [the providers] with its expert report." *Id.* By resolving the tolling issue against the Estate, the court of appeals did not even reach the due diligence question. In fact, one justice on the panel concurred in the judgment on the grounds that the Estate had failed to prove that a due-diligence exception applied, but nevertheless disagreed with the majority opinion, opining that "the filing of a nonsuit tolls the 120 days for the period between the filing of the nonsuit and the refiling of the same claim." *Id.* at *6 (Henson, J., concurring in part and dissenting in part).

In sum, we hold that the First Court of Appeals in the underlying case and the Third Court of Appeals in *Estate of Allen* held differently on a question of law material to a decision of the case: whether a plaintiff's nonsuit of a health care liability claim tolls the expert-report deadline.[5] Accordingly, we have jurisdiction over CHCA's petition for review under sections 22.001(a)(2) and 22.225(c) of the Texas Government Code.

---

[5] *See also White v. Baylor All Saints Med. Ctr.*, No. 07-08-0023-CV, 2009 WL 1361612, at *1–2 (Tex. App.—Amarillo May 13, 2009, pet. denied) (mem. op.) (holding principally that the claimant's nonsuit did not restart the expert-report clock and alternatively that the claimant's nonsuit did not toll the report deadline).

## III. Analysis of Tolling Issue

The outcome of this case rests on our interpretation of various provisions of the TMLA. Matters of statutory construction are legal questions that we review de novo. *Tex. W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 177 (Tex. 2012). The aim of statutory construction is to determine and give effect to the Legislature's intent, *id.*, which is generally reflected in the statute's plain language, *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 507 (Tex. 2012). We analyze statutory language in context, considering the specific section at issue as well as the statute as a whole. *In re OAG*, ___ S.W.3d ___, ___ (Tex. 2013) (citing *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999)).

The TMLA provides a statutory framework governing health care liability claims. The Legislature's stated purposes in enacting the TMLA included "reduc[ing] excessive frequency and severity of health care liability claims" and "decreas[ing] the cost of those claims," but doing so "in a manner that will not unduly restrict a claimant's rights." Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.11(b)(1)–(3), 2003 Tex. Gen. Laws 847, 884. We have noted that, with these purposes in mind, "the Legislature struck a careful balance between eradicating frivolous claims and preserving meritorious ones." *Leland v. Brandal*, 257 S.W.3d 204, 208 (Tex. 2008).

As part of this statutory framework, the TMLA sets forth the following expert-report requirement:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected

parties. Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived.

TEX. CIV. PRAC. & REM. CODE § 74.351(a). We have described this "threshold report requirement as a substantive hurdle for frivolous medical liability suits before litigation gets underway." *Spectrum Healthcare Res., Inc. v. McDaniel*, 306 S.W.3d 249, 253 (Tex. 2010). In this case, we consider the effect of a claimant's nonsuit on the statutory expert-report deadline.

Several courts of appeals have addressed and rejected the argument, which the Lidjis do not assert here, that a claimant's nonsuit and subsequent refiling of a petition asserting a health care liability claim restarts the 120-day period to serve an expert report. *See, e.g.*, *Runcie v. Foley*, 274 S.W.3d 232, 236 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Mokkala v. Mead*, 178 S.W.3d 66, 71, 73 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).[6] As discussed above, the Lidjis argue not that the expert-report period restarted upon their filing of the Second Suit, but that the period was tolled during the time between the pre-deadline nonsuit of the First Suit and the filing of the original petition in the Second Suit. Thus, the Lidjis contend, they are entitled to a total of 120 days while their health care liability claim is pending to serve the report. CHCA responds that the Lidjis' filing of the original petition in the First Suit triggered an "expert report countdown" and that the TMLA contains no language tolling or abating the deadline in the event of a nonsuit.

---

[6] In *Mokkala*, which was one of the first opinions to address the issue, the 120-day period had expired before the claimant's nonsuit. 178 S.W.3d at 68 n.3. The *Mokkala* court thus noted that it "need not decide whether filing of a nonsuit before the expiration of the 120-day period would toll" the period between the nonsuit and the refiling of the claim. *Id.*

7

Under Texas law, parties have "an absolute right to nonsuit their own claims for relief at any time during the litigation until they have introduced all evidence other than rebuttal evidence at trial." *Villafani v. Trejo*, 251 S.W.3d 466, 468–69 (Tex. 2008); TEX. R. CIV. P. 162. However, a voluntary nonsuit does not interrupt the running of the statute of limitations. *See Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App.—Dallas 2005, no pet.). The Lidjis contend that construing the expert-report requirement to prohibit tolling in the event of a nonsuit would interfere with their absolute right to nonsuit the claims in the First Suit and that such legislative intent is not reflected in the statute's plain language. We agree.

The TMLA neither expressly allows nor expressly prohibits tolling of the expert-report period in the event of a claimant's nonsuit. In *Gardner v. U.S. Imaging, Inc.*, however, we held, in the default-judgment context, that a defendant's failure to timely answer after proper service of citation tolled the statutory period to serve the expert report until the defendant made an appearance. 274 S.W.3d 669, 671 (Tex. 2008) (per curiam). The situation at hand is not identical to that in *Gardner*, but *Gardner* did not purport to create a lone tolling scenario. Rather, as noted by the court of appeals, we recognized in *Gardner* that tolling of the expert-report period can be proper under certain circumstances notwithstanding the statute's silence on the matter. *See* 369 S.W.3d at 494 (citing *Gardner*, 274 S.W.3d at 671). As we hold today, one such circumstance is when a claimant nonsuits a health care liability claim prior to the expiration of the deadline to serve the report.

Tolling the expert-report period both protects a claimant's absolute right to nonsuit and is consistent with the statute's overall structure. To that end, we agree with the Lidjis that the various provisions of the TMLA's expert-report requirement, construed together, demonstrate legislative

intent that the expert report be provided within the context of pending litigation. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE § 74.351(a) (requiring service of the report on the "party or the party's attorney" and requiring the "defendant" that is the subject of the report to "file and serve" objections to the sufficiency of the report within 21 days of service); *id.* § 74.351(b) (providing for dismissal of a claim and an award of attorney's fees and costs "on the motion of the affected [defendant]" if the report is not timely served); *id.* § 74.351(c) (permitting a court to grant one thirty-day extension to the claimant to cure deficiencies found in the report). Construing the TMLA to require service of an expert report in the absence of a pending lawsuit would thus give rise to a host of procedural complications that the statute does not envision and cannot adequately address. We decline to attribute such intent to the Legislature without a clear expression of it in the statute's language.

Our interpretation of the TMLA is also consistent with the statute's purposes of reducing expense and eliminating frivolous claims early in the lawsuit.[7] First, it encourages plaintiffs to voluntarily nonsuit claims that appear to lack merit early in the litigation process, without being penalized for doing so in the event additional investigation strengthens those claims. Further, when a claim is nonsuited, the defendant against whom the claim was asserted does not incur additional litigation expenses unless and until the claim is refiled. Any extra expense incurred by the defendant as a result of the nonsuit and refiling will likely be minimal, as a claimant's lawsuit on a health care liability claim may only be maintained for a finite period of time without service of the expert

---

[7] Although the TMLA controls "[i]n the event of a conflict between [the TMLA] and another law," TEX. CIV. PRAC. & REM. CODE § 74.002, we conclude the TMLA is properly construed as consistent with the procedural right to nonsuit.

report.[8] The expert report thus remains a "threshold" requirement that must be met "before litigation gets underway." *Spectrum Healthcare Res., Inc.*, 306 S.W.3d at 253. And of course, health care liability claimants are subject to the TMLA's overarching statute of limitations. TEX. CIV. PRAC. & REM. CODE § 74.251.

CHCA's interpretation of the TMLA to prohibit tolling promotes early elimination of health care liability claims without regard to their merit. But "[t]he Legislature's directive that the civil justice system repel weak claims stands alongside its insistence that malpractice be penalized." *Hernandez v. Ebrom*, 289 S.W.3d 316, 329 (Tex. 2009) (Jefferson, C.J., dissenting). Tolling the expert-report period when a claimant nonsuits before the deadline promotes both sides of the legislative equation and, when the report provisions are properly considered together, effectuates the statute's plain language.

## IV. Conclusion

Because we have conflicts jurisdiction over CHCA's petition for review in this interlocutory appeal, we deny the Lidjis' motion to dismiss. We hold that, when a claimant nonsuits a claim governed by the TMLA before the expiration of the statutory deadline to serve an expert report and subsequently refiles the claim against the same defendant, the expert-report period is tolled between the date nonsuit was taken and the date the new lawsuit is filed. Here, the Lidjis nonsuited their claims against CHCA in the First Suit four days before the deadline expired and served their expert report on CHCA the same day they filed the original petition in the Second Suit. The Lidjis thus

---

[8] The parties may extend the deadline by written agreement. TEX. CIV. PRAC. & REM. CODE § 74.351(a).

complied with section 74.351, and the trial court correctly denied CHCA's motion to dismiss. Accordingly, we affirm the court of appeals' judgment.

_____
Debra H. Lehrmann
Justice

**OPINION DELIVERED:** June 21, 2013