

# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

March 28, 2016

Mr. David Reilly
Executive Director
Texas Juvenile Justice Department
Post Office Box 12757
Austin, Texas 78711

Opinion No. KP-0073

Re: Applicability of expunction orders under article 45.0541 of the Code of Criminal Procedure to records in the possession of a juvenile probation department as a result of a referral for delinquent conduct as defined by subsection 51.03(a)(2) of the Family Code (RQ-0057-KP)

Dear Mr. Reilly:

You ask about the applicability of expunction orders under article 45.0541 of the Code of Criminal Procedure to records in the possession of a juvenile probation department as a result of a referral for delinquent conduct as defined by subsection 51.03(a)(2) of the Family Code.[1] Your questions derive from the changes made by House Bill 2398. Request Letter at 2; Act of May 30, 2015, 84th Leg., R.S., ch. 935, 2015 Tex. Gen. Laws 3224, 3224 ("H.B. 2398"). Under Texas law, school attendance for children 6 through 18 years of age is compulsory. TEX. EDUC. CODE § 25.085(b). Prior to the enactment of H.B. 2398, a student's excessive absence from school could be addressed in either criminal proceedings or civil juvenile law proceedings.[2] In appropriate circumstances, a school district could file a criminal complaint for violation of section 25.094 of the Education Code, the former Class C misdemeanor offense of failure to attend school.[3] Alternatively, the school district could "refer the student to a juvenile court for [civil proceedings to determine] conduct indicating a need for supervision" under subsection 51.03(b)(2) of the

---

[1]*See* Letter from Mr. David Reilly, Exec. Dir., Tex. Juvenile Justice Dep't, to Honorable Ken Paxton, Tex. Att'y Gen. at 1–2 (Sept. 29, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]*See* Act of May 27, 2001, 77th Leg., R.S., ch. 1514, § 6, sec. 25.0951, 2001 Tex. Gen. Laws 5396, 5400–01, *amended by* H.B. 2398, § 13 at 3231–32.

[3]*See* Act of May 27, 2001, 77th Leg., R.S., ch. 1514, § 6, sec. 25.0951(a)(1), (b)(1), 2001 Tex. Gen. Laws 5396, 5400–01; *see also* Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 1, sec. 25.094, 1995 Tex. Gen. Laws 2207, 2294–95, *repealed by* H.B. 2398, § 41(2) at 3255.

Family Code.[4] If a criminal complaint was filed, the court trying the criminal offense had jurisdiction to issue an order requiring the juvenile to attend school without unexcused absences.[5] If a juvenile violated the order, a court could retain jurisdiction and adjudicate the contempt, or it could refer the juvenile to the appropriate juvenile court to consider the contempt as constituting delinquent conduct. TEX. CODE CRIM. PROC. art. 45.050(c)(1).

H.B. 2398 eliminated the criminal offense of failure to attend school. *See* H.B. 2398, § 41(2) at 3255 (repealing section 25.094 of the Education Code). The bill designated certain courts as truancy courts to address "truant conduct" as codified in chapter 65 of the Family Code. *See* TEX. FAM. CODE §§ 65.003, .004. "Truant conduct may be prosecuted only as a civil case in a truancy court." *Id.* § 65.003(b). The bill not only repealed the offense of failure to attend school, it enacted article 45.0541, entitled "Expunction of Failure to Attend School Records," which provides:

> (a) In this article, "truancy offense" means an offense committed under the former Section 25.094, Education Code.
>
> (b) An individual who has been convicted of a truancy offense or has had a complaint for a truancy offense dismissed is entitled to have the conviction or complaint and records relating to the conviction or complaint expunged.
>
> (c) Regardless of whether the individual has filed a petition for expunction, the court in which the individual was convicted or a complaint for a truancy offense was filed shall order the conviction, complaints, verdicts, sentences, and other documents relating to the offense, including any documents in the possession of a school district or law enforcement agency, to be expunged from the individual's record. After entry of the order, the individual is released from all disabilities resulting from the conviction or complaint, and the conviction or complaint may not be shown or made known for any purpose.

TEX. CODE CRIM. PROC. art. 45.0541.

You explain that juvenile probation departments have received expunction orders in cases in which a court with criminal jurisdiction had referred a charge of contempt to a juvenile court to determine if the alleged contempt constituted delinquent conduct. Request Letter at 2. You ask whether "an expunction order issued under newly created Article 45.0541, Code of Criminal

---

[4]Act of May 27, 2001, 77th Leg., R.S., ch. 1514, § 6, sec. 25.0951(a)(2), (b)(2), 2001 Tex. Gen. Laws 5396, 5400-01, *amended by* H.B. 2398, § 13 at 3231–32; *see also* TEX. FAM. CODE § 51.03.

[5]*See* Act of May 27, 2001, 77th Leg., R.S., ch. 1514, § 9, art. 45.054, 2001 Tex. Gen. Laws 5396, 5403, *amended by* Act of May 13, 2003, 78th Leg., R.S., ch. 180, § 1, 2003 Tex. Gen. Laws 265, 265, *repealed by* H.B. 2398, § 41(1) at 3255.

Procedure, appl[ies] to documents in the possession of a juvenile probation department as a result of a referral to the juvenile court for delinquent conduct as defined by Section 51.03(a)(2) [of the Family Code]." *Id.* at 1. You state that courts that have issued expunction orders appear to construe article 45.0541 as applicable to the referral documents because they constitute "other documents related to the offense." *Id.* at 2. On the other hand, you inform us that arguments have been made that article 45.0541 does not apply to documents related to a referral to the juvenile court, "because, once a case is referred to juvenile court, all documents sent with that referral become juvenile records." *Id.* at 3. You note that generally, the Rules of Civil Procedure rather than the Code of Criminal Procedure govern juvenile court proceedings. *Id.* at 3 & n.4 (citing TEX. FAM. CODE § 51.17). You further note that general expunction statutes do not apply to juvenile records "because expunction statutes apply to a person 'arrested' and juveniles are not 'arrested' but are instead, 'taken into custody.'" *Id.* at 3; *see also* TEX. CODE CRIM. PROC. art. 55.01(a) (the general expunction statute available to "[a] person who has been placed under a custodial or noncustodial arrest").

Courts construing a statute attempt "to determine and give effect to the Legislature's intent, which is generally reflected in the statute's plain language." *CHCA Woman's Hosp., L.P. v. Lidji,* 403 S.W.3d 228, 231 (Tex. 2013). By its plain language, the right of expungement in article 45.0541 concerns "[a]n individual who has been convicted of a truancy offense or has had a complaint for a truancy offense dismissed," and applies to "records relating to the conviction or complaint expunged." TEX. CODE CRIM. PROC. art. 45.0541(b). Article 45.0541 is not limited to a person "arrested," unlike the general expunction statute you mention. *Compare id.* art. 45.0541 (expunction of failure to attend school offense records), *with id.* art. 55.01(a) (general expunction statute). Article 45.0541 further explains that the expunction order applies to "the conviction, complaints, verdicts, sentences, and other documents relating to the offense [in] . . . the individual's record." *Id.* art. 45.0541(c). And while the article states that the order applies to such documents, "including any documents in the possession of a school district or law enforcement agency," it is not limited to those governmental entities. *Id.*; *see* TEX. GOV'T CODE § 311.005(13) (stating that "includes" and "including" in a statute "are terms of enlargement and not of limitation or exclusive enumeration"). Thus, documents that are maintained by a juvenile probation department in an individual's record and that otherwise meet the specification of documents in article 45.0541 are subject to expunction under that article. As you describe them, referral documents in possession of a juvenile probation department issued by a court adjudicating an offense under former section 25.094 of the Education Code would likely be subject to expunction as constituting a "record relating to the conviction or complaint." TEX. CODE CRIM. PROC. art. 45.0541(b).

Your second question is "what impact, if any, does the expunction have on the juvenile records related to the contempt referral and any disposition of that referral." Request Letter at 2, 4. More specifically, you ask whether expunction "requires any findings related to those records to be set aside and, if so, what procedure is to be followed given these are juvenile records." *Id.* at 4. As you note, the Legislature has not provided a specific procedure for expunging applicable records from an individual's record. *Id.* at 4. Thus it will be necessary for the juvenile probation department to determine in the first instance how to comply with a court's expunction order according to its terms and consistent with article 45.0541. *See* TEX. CODE CRIM. PROC. art. 45.0541(c) (providing that after a court issues an expunction order, "the individual is released from

all disabilities resulting from the conviction or complaint, and the conviction or complaint may not be shown or made known for any purpose").

## S U M M A R Y

An expunction order issued to a juvenile probation department under article 45.0541 of the Code of Criminal Procedure would likely apply to documents in the department's possession as a result of a referral to the juvenile court for delinquent conduct as defined by subsection 51.03(a)(2) of the Family Code. A juvenile probation department must determine in the first instance how to comply with a court's expunction order according to its terms and consistent with article 45.0541.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee