

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

April 24, 2017

Mr. Michael Morath
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. KP-0144

Re: Whether the computation of state funding for school districts receiving additional state aid for tax reduction must include local option homestead exemptions that were determined to be authorized in Attorney General Opinion KP-0072 (2016) (RQ-0137-KP)

Dear Mr. Morath:

You ask about your exercise of the duties of the Commissioner of Education as they relate to computing state funding for school districts.[1] You tell us your questions arise, in part, because of the recent issuance of Attorney General Opinion KP-0072. *See* Request Letter at 2.

Opinion KP-0072 examined the effect of 2015 legislation in which the Legislature increased the state homestead exemption from $15,000 to $25,000. Tex. Att'y Gen. Op. No. KP-0072 (2016) at 1–6. In that legislation, the Legislature also added Tax Code subsection 11.13(n-1) providing that the "governing body of a school district, municipality, or county that adopted a [local option homestead exemption, or "LOHE"] under Subsection (n) for the 2014 tax year may not reduce the amount of or repeal the exemption." TEX. TAX CODE § 11.13(n-1); *see also id.* § 11.13(n) (authorizing the governing body of a taxing unit to provide an additional homestead exemption). Opinion KP-0072 concluded that Tax Code subsection 11.13(n-1) "prohibits a school district . . . from repealing or reducing the local option homestead exemption from the amount that was adopted for the 2014 tax year," recognizing that the Legislature froze local homestead exemptions at their 2014 level. Tex. Att'y Gen. Op. No. KP-0072 (2016) at 5 (concluding that subsection 11.13(n-1) is not unconstitutionally retroactive).[2] Your questions arise

---

[1] *See* Letter from Mr. Michael Morath, Comm'r of Educ., Tex. Educ. Agency, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Oct. 26, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2] Since the issuance of Opinion KP-0072, several school districts repealing or reducing their LOHE in 2015 contrary to section 11.13(n-1) have been sued for tax refunds in various Texas courts by local taxpayers. *See, e.g.*, Plaintiff's Orig. Pet. and Application for Temp. Injunction, *Martin v. White Deer Indep. Sch. Dist.*, No. 11807 (100th Jud. Dist. Ct., Carson Cty., Tex. filed Sept. 15, 2015) (on file with the Op. Comm.).

because the subsection 11.13(n-1) prohibition against a LOHE reduction or repeal impacts your calculation of the additional state aid for tax reduction ("ASATR"). *See* TEX. EDUC. CODE § 42.2516. The ASATR calculation involves the determination of a district's local revenue, which increases when a district repeals its LOHE. *See id.* § 42.2516(b)–(f-1)(1)–(2).

Currently, section 42.2516 of the Education Code provides for payment of the ASATR.[3] *See generally id.* § 42.2516. Within the greater context of determining the amount of state and local revenue to which a school district may be entitled under the complex school financing formula, the ASATR requires the education commissioner to make adjustments to "a school district's local revenue derived from maintenance and operations tax collections." *Id.* § 42.2516(f-1). Relevant here, subsection 42.2516(f-1) provides that

> [t]he commissioner shall, in accordance with rules adopted by the commissioner, adjust the amount of a school district's local revenue derived from maintenance and operations tax collections, as calculated for purposes of determining the amount of state revenue to which the district is entitled under this section, if the district, for the 2010 tax year or a subsequent tax year:
>
> > (1) adopts an exemption under Section 11.13(n), Tax Code, that was not in effect for the 2009 tax year, or eliminates an exemption under Section 11.13(n), Tax Code, that was in effect for the 2009 tax year;
> >
> > (2) adopts an exemption under Section 11.13(n), Tax Code, at a . . . lesser percentage than the percentage in effect for the district for the 2009 tax year; . . . .

*Id.* § 42.2516(f-1)(1)–(2); *see also* TEX. GOV'T CODE § 311.016(2) ("'Shall' imposes a duty."). The commissioner's rules must require the commissioner to determine, along with chapter 41, the effect of "a school district's action described by Subsection (f-1)(1), (2), (3), or (4) on the total state revenue to which the district would be entitled or the cost to the district of purchasing sufficient attendance credits to reduce the district's wealth per student to the equalized wealth level." TEX. EDUC. CODE § 42.2516(f-2)(1). The commissioner's rules must also "require an increase or reduction in the amount of state revenue to which a school district is entitled . . . that is substantially equivalent to any change in the total state revenue or the cost of purchasing attendance credits." *Id.* § 42.2516(f-2)(2). Your ultimate question is how to reconcile subsection 42.2516(f-1) of the Education Code and subsection 11.13(n-1) of the Tax Code as you make the ASATR calculation for those districts that repealed their LOHE in 2015.

---

[3]The ASATR is expected to be eliminated in 2017. *See* TEX. EDUC. CODE § 42.2516(c-1). Several bills in the 2017 Legislative Session provide for an extension to the ASATR. *See, e.g.,* Tex. H.B. 308, 85th Leg., R.S. (2017), Tex. H.B. 527, 85th Leg., R.S. (2017).

In considering the interaction between Education Code subsection 42.2516(f-1) and Tax Code subsection 11.13(n-1), we follow the rules of statutory construction utilized by the courts. The primary objective in such a task is to give effect to the Legislature's intent as ascertained from the plain meaning of the words used in the statute. *See City of Houston v. Bates*, 406 S.W.3d 539, 543–44 (Tex. 2013). Courts "analyze [the] language in context, considering the specific sections at issue as well as the statute as a whole." *CHCA Women's Hosp. L.P. v. Lidji*, 403 S.W.3d 228, 232 (Tex. 2013). To give effect to every word and phrase, a court will not interpret a statute "in a manner that renders any part of the statute meaningless or superfluous." *Crosstex Energy Servs. L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 390 (Tex. 2014).

The plain language of Education Code subsections 42.2516(f-1)(1) and (2) triggers the commissioner's duty to make an adjustment only "*if* the district . . . eliminates an exemption under Section 11.13(n)" or adopts an exemption at a lesser percentage. TEX. EDUC. CODE § 42.2516(f-1)(1)–(2) (emphasis added); *see also Hohenberg Bros. Co. v. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex. 1976) (recognizing that the word "if" connotes a condition). Yet the language of Tax Code subsection 11.13(n-1) expressly prohibits a repeal or reduction of a LOHE in 2015. As any reduction or repeal of a LOHE in 2015 is prohibited by statute, a district's repeal or reduction of its LOHE cannot serve as the condition that triggers the application of Education Code subsection 42.2516(f-1). To construe otherwise would needlessly negate the meaning of Tax Code subsection 11.13(n-1) within the school finance scheme. *See Crosstex Energy Servs.*, 430 S.W.3d at 390.

The context of the two statutes considered within the whole of the school financing system bolsters this conclusion. Though located in different codes, they are both necessary to the calculation of a district's local revenue for school finance purposes and should be considered together. *Cf. Ochsner v. Ochsner*, 2016 WL 3537255, at **3–5 (Tex. 2016) (considering child support arrearage question within statutory context of several Family Code chapters to "look to the statutory scheme as a whole in order to establish the meaning of the arrearage provision, not to snippets taken in isolation"); *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226–29 (Tex. 2015) (considering statute of limitations question in probate matter within "the comprehensive statutory scheme governing the probate process"). The delivery of the ASATR is a result of the Texas Supreme Court's 2005 determination that the school property tax was unconstitutional and the Legislature's response of reducing property tax rates across the State. *Neeley v. West Orange-Cove Consol. Indep. Sch. Dist.*, 176 S.W.3d 746, 797–99 (Tex. 2005). The Legislature established a compressed maintenance and operations tax[4] rate, which decreased each school district's rate by a specific percent. *See Morath v. Tex. Taxpayer & Student Fairness Coal.*, 490 S.W.3d 826, 836–37 (Tex. 2016) (describing legislative changes to the maintenance and operations tax rate). But the Legislature maintained a district's level of funding with a "hold harmless" provision—the ASATR—to provide additional state revenue to a district so that it would receive the same amount of money (per weighted student) that it had received in the target school year. *See* HOUSE WAYS & MEANS COMM., BILL ANALYSIS, Tex. Comm. Substitute H.B. 1, 79th Leg., 3d C.S. (2006) at 1

---

[4]School districts may collect two discrete annual ad valorem taxes: one to pay debt service on bonds issued for school buildings and other related purposes, and one for the further maintenance of public schools in the district. *See* TEX. EDUC. CODE §§ 45.001(a)(2), .002.

("This additional state aid for tax reduction from the results of property tax rate compression ensures that each district receives at least the amount of revenue per student that the district would have received during the 2006–2007 school year if property tax rates had not been compressed[.]"); *see also Morath*, 490 S.W.3d at 838 (describing the alternative "target revenue" system as "based on certain hold harmless rules and [applicable] if the target revenue amount exceeds the amount the district receives" under the "on formula" funding system, and noting that the "State makes up the difference with [ASATR]").  Similarly, in Tax Code subsection 11.13(n-1), the Legislature adopted another "hold harmless" provision designed to preserve the $10,000 increased property tax exemption provided by the State without offset by a local taxing entity. *See* SENATE RESEARCH CENTER, BILL ANALYSIS, Tex. S.B. 1, 84th Leg., R.S. (2015) at 1 ("Any local taxing units that currently offer the optional homestead exemption must maintain the current exemptions offered for 10 years.").  Taken together, it is evident that the Legislature intended to make school districts whole as to the compressed maintenance and operations tax rate at specific funding levels but also to grant and protect tax relief to the taxpayers in each district.  To construe Education Code subsection 42.2516(f-1) to require the commissioner to make an adjustment based upon a district's prohibited LOHE reduction or repeal would negate the Legislature's intended benefit to a district's taxpayers and would instead confer an undeserved benefit on a district that violated Tax Code subsection 11.13(n-1) beyond the hold harmless funding level that the Legislature intended to preserve for the district.

Accordingly, you should not use or recognize a school district's LOHE repeal or reduction made in violation of Tax Code subsection 11.13(n-1) for the ASATR calculation under Education Code subsection 42.2516(f-1).

## S U M M A R Y

The computation of state funding for school districts receiving additional state aid for tax reduction must not include local option homestead exemption repeals or reductions that Tax Code subsection 11.13(n-1) prohibits.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee