**Affirmed and Memorandum Majority and Concurring Opinions filed August 22, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00306-CV

---

**VIJAYRAMA POREDDY, M.D. AND AUSTIN GASTROENTEROLOGY, P.A., Appellants**

**V.**

**MA ANGELICA HERNANDEZ DE SOLIS, INDIVIDUALLY AND AS NEXT FRIEND OF SERAFIN SOLIS RICO, AN INCAPACITATED PERSON, AND AS NEXT FRIEND FOR MARCO SOLIS HERNANDEZ, A MINOR; MOISES SOLIS HERNANDEZ; AND ALEJANDRA SOLIS HERNANDEZ, Appellees**

---

**On Appeal from the 53rd District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-20-001914**

---

### MEMORANDUM MAJORITY OPINION

Appellants, Vijayrama Poreddy, M.D. and Austin Gastroenterology, P.A., appeal the trial court's order denying their motion to dismiss the medical malpractice claim filed by Appellees, (1) Ma Angelica Hernandez De Solis,

individually and as next friend of Serafin Solis Rico, an incapacitated person, and as next friend for Marco Solis Hernandez, a minor; (2) Moises Solis Hernandez; and (3) Alejandra Solis Hernandez, on the ground that Appellees failed to timely serve expert reports as required by section 74.351(a) of the Texas Civil Practice and Remedies Code. We affirm.[1]

## BACKGROUND

On March 31, 2020, Appellees filed suit asserting a healthcare liability claim against Appellants and other parties under the Texas Medical Liability Act (TMLA) codified in chapter 74 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001-74.507. Appellants filed their answer on April 21, 2020. Under section 74.351(a) of the Civil Practice and Remedies Code, Appellees were required to serve Appellants with an expert report and curriculum vitae within 120 days of Appellants' original answer, namely on or before August 19, 2020. *See id*. § 74.351(a). Appellees nonsuited their healthcare liability claim without prejudice against Appellants on August 18, 2020, which the parties agree was the 119th day after Appellants filed their answer. Appellees refiled their claim against Appellants on September 15, 2020, and served their expert reports a day later.

On October 18, 2021, Appellants filed a motion to dismiss with prejudice Appellees' claim alleging Appellees failed to timely serve their expert reports on the 120th day after Appellants filed an answer pursuant to Civil Practice and Remedies Code section 74.351(a), but instead filed it on the 121st day. On

---

[1] The Supreme Court of Texas ordered the Third Court of Appeals to transfer this case to our court. *See* Tex. Gov't Code Ann. § 73.001. In cases transferred by the high court from one court of appeals to another, the transferee court must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court. Tex. R. App. P. 41.3.

February 16, 2022, Appellants filed an amended motion to dismiss; the only difference between the two motions is a corrected exhibit. Appellees filed a response to Appellants' motion to dismiss on February 21, 2022. The next day, the trial court held a hearing on the motion. On March 4, 2022, the trial court signed an order denying Appellants' motion to dismiss pursuant to section 74.351(b) of the Civil Practice and Remedies Code. Appellants filed a timely interlocutory appeal. *See id*. § 51.014(9) (a party may appeal from an interlocutory order of a trial court that denies all or part of the relief sought by a motion under section 74.351(b)).

## ANALYSIS

The sole issue in this interlocutory appeal is whether the trial court erred when it denied Appellants' motion to dismiss Appellees' healthcare liability claim. Appellants contend that section 74.351 required the trial court to dismiss Appellees' claim with prejudice because they failed to timely serve their expert reports. *See id*. § 74.351(b).

We generally review a trial court's ruling on a motion to dismiss for failure to comply with section 74.351 for abuse of discretion. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001); *Univ. of Tex. Med. Branch at Galveston v. Callas*, 497 S.W.3d 58, 62 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). In this case, however, the facts summarized above are undisputed, and the adequacy of the expert reports has not been challenged. Instead, the parties' dispute centers around a purely legal question: whether Appellants were timely served with the reports in accordance with section 74.351(a) and the Texas Rules of Civil Procedure. Whether proper service has been made is a question of law we review *de novo*. *Callas*, 497 S.W.3d at 62. A trial court has no discretion in determining what the law is or applying the law to

the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992); *Callas*, 497 S.W.3d at 62. Thus, a trial court's failure to analyze or apply the law correctly is an abuse of discretion. *Walker*, 827 S.W.2d at 840; *Callas*, 497 S.W.3d at 62. We conclude the trial court did not abuse its discretion for the following reasons.

Section 74.351(a) of the Civil Practice and Remedies Code provides, in pertinent part:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed or a later date required under Section 74.353, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties.

Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). If a claimant does not timely serve an expert report, the court must grant a defendant's motion to dismiss the case with prejudice. *See id.* § 74.351(b).

Appellants argue that because Appellees nonsuited their claim on August 18, 2020 (the 119th day after Appellants filed their answer) and then refiled their claim on September 15, 2020, the 120th day on which Appellees were required to serve their expert report pursuant to section 74.351(a) was September 15, 2020. Citing *CHCA Woman's Hosp., L.P. v. Lidji*, 403 S.W.3d 228 (Tex. 2013), Appellants contend that the expert-report period was tolled between the date Appellees nonsuited their claim on August 18, 2020, and the date they refiled their claim on September 15, 2020. According to Appellants, the "tolling period ended on September 14, 2020, the date before Appellees re-filed their suit," so that "September 15, 2020 was Day 120 of the 120-day period" on which Appellees were required to serve their expert reports according to section 74.351(a) on

Appellants.

The question of first impression presented to us here is how to compute the 120-day expert-report period considering the interplay between chapter 74 and a party's absolute right to nonsuit claims.

In *Lidji*, the supreme court was asked to determine "whether a claimant's nonsuit of a healthcare liability claim before the expiration of the 120-day period tolls the expert-report period until suit is refiled." *Id*. at 229. The court recognized that (1) "parties have 'an absolute right to nonsuit their own claims for relief at any time during the litigation until they have introduced all evidence other than rebuttal evidence at trial;'" and (2) the "TMLA neither expressly allows nor expressly prohibits tolling of the expert-report period in the event of a claimant's nonsuit." *Id*. at 233. Reasoning that "[t]olling the expert-report period both protects a claimant's absolute right to nonsuit and is consistent with the statute's overall structure," the court created a rule-based solution holding that "when a claimant nonsuits a claim governed by the TMLA before the expiration of the statutory deadline to serve an expert report and subsequently refiles the claim against the same defendant, the expert-report period is tolled between the date nonsuit was taken and the date the new lawsuit is filed." *See id*. at 234.

Because the legislature also failed to provide any language regarding how to compute the 120-day expert-report period when a plaintiff takes a nonsuit before the statutory deadline expires, we are following the supreme court's lead and fill the gap the legislature created using a rule-based computation of time. We look to Texas Rule of Civil Procedure 4, which is titled "Computation of Time" and provides, in pertinent part:

> In computing any period of time prescribed or allowed by these
> rules, by order of court, or by any applicable statute, the day of the

act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.

Tex. R. Civ. P. 4. Similarly, Texas Government Code section 311.014, titled "Computation of Time," provides, as pertinent here: "In computing a period of days, the first day is excluded and the last day is included." Tex. Gov't Code Ann. § 311.014(a).

Thus, in the context of a nonsuit, under rule 4 and section 311.014, the first day — the refiling of the suit — is not included in the computation and the last day is included. Here, September 15, 2020 was not included in computing the 120-day expert-report period based on both Rule 4 and section 311.014(a), so that September 16, 2020 was the 120th day. Appellees, therefore, timely served their expert reports on Appellants on the 120th day on September 16, 2020.

Appellants seem to argue that there is a conflict between rule 4 and chapter 74 and that "Chapter 74 controls Rule 4 to the extent of the conflict." In support of their contention, Appellants cite section 74.002(a) of the Civil Practice and Remedies Code, which provides: "In the event of a conflict between this chapter and another law, including a rule of procedure or evidence or court rule, this chapter controls to the extent of the conflict." *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.002(a). We agree that chapter 74 would trump rule 4 if a conflict actually existed. *See id*. However, there is no conflict in this case because there is no provision in the TMLA addressing how to compute time if a party nonsuits a claim governed by the TMLA before the expiration of the statutory 120-day deadline to serve an expert report.

Because we determined that Appellees timely served their expert reports on

6

the 120th day on September 16, 2020, we conclude the trial court did not abuse its discretion in denying Appellants' motion to dismiss with prejudice Appellees' healthcare liability claim. Accordingly, we overrule Appellants' issue.

## CONCLUSION

We affirm the trial court's order denying Appellants' motion to dismiss pursuant to section 74.351(b) of Civil Practice and Remedies Code.

/s/ Meagan Hassan
Justice

Panel consists of Justices Zimmerer, Spain, and Hassan (Spain, J., concurring).