**Affirmed and Memorandum Majority and Concurring Opinions filed August 22, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00306-CV

---

## VIJAYRAMA POREDDY, M.D. AND AUSTIN GASTROENTEROLOGY, P.A., Appellants

### V.

## MA ANGELICA HERNANDEZ DE SOLIS, INDIVIDUALLY AND AS NEXT FRIEND OF SERAFIN SOLIS RICO, AN INCAPACITATED PERSON, AND AS NEXT FRIEND FOR MARCO SOLIS HERNANDEZ, A MINOR; MOISES SOLIS HERNANDEZ; AND ALEJANDRA SOLIS HERNANDEZ, Appellees

---

**On Appeal from the 53rd District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-20-001914**

---

### MEMORANDUM CONCURRING OPINION

With the understanding that appellants have not brought the question before this courts regarding the application of *Lidji* when a plaintiff does not dismiss the entire case, I join both this court's opinion and judgment. *CHCA Woman's Hosp.,*

*L.P. v. Lidji*, 403 S.W.3d 228 (Tex. 2013).

Both appellants and appellees treat plaintiffs' August 18, 2020 dismissal of their claims against some—but not all—plaintiffs named in their original petition as a Rule 162 "non-suit." Tex. R. Civ. P. 162 (providing in part, "At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes.").[1] While the absolute right to a non-suit under Rule 162 does not extend to a dismissal of some but not all claims, appellants neither preserve such a complaint for appellate review nor argue it on appeal. *See* Tex. R. App. P. 33.1(a) (preservation), 38.2(a)(1) (appellee's brief must conform to Texas Rule of Appellate Procedure 38.1(i) (brief must contain clear and concise argument for contentions made)); *see also Brown v. Robinson*, No. 14-17-00754-CV, 2019 WL 1339651, at *3, n.4 (Tex. App.—Houston [14th Dist.] Mar. 26, 2019, no pet.) (mem. op.) ("A true nonsuit under Texas Rule of Civil Procedure 162 voluntarily dismisses the entire case.") (citing *C/S Sols, Inc. v. Energy Maint. Servs. Co.*, 274 S.W.3d 299, 305–07 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (holding Texas Rule of Civil Procedure 163—not Rule 162 (non-suits)—applies to a dismissal of less than all defendants)).[2]

---

[1] The rule uses the terms "dismissal" and "non-suit" interchangeably. *See* Tex. R. Civ. P. 162.

[2] The appellate record suggests that at the time of the non-suit, appellants were the only defendants that had been served and answered. I am not suggesting that appellants have waived error in the trial court or did not make a viable argument on appeal.

I respectfully concur.


/s/    Charles A. Spain
Justice

Panel consists of Justices Zimmerer, Spain, and Hassan (Hassan, J., majority).