**Affirmed and Memorandum Opinion filed September 24, 2020.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-19-00073-CV

**GALVESTON COUNTY JUDGE MARK HENRY, GALVESTON COUNTY COMMISSIONER DARRELL APFFEL, GALVESTON COUNTY COMMISSIONER JOE GIUSTI, GALVESTON COUNTY COMMISSIONER STEPHEN HOLMES, AND GALVESTON COUNTY COMMISSIONER KEN CLARK, IN THEIR OFFICIAL CAPACITIES AS THE GALVESTON COUNTY COMMISSIONERS COURT, Appellants**

**V.**

**KIMBERLY SULLIVAN, JUDGE, PROBATE COURT OF GALVESTON COUNTY, Appellee**

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 14-CV-1112**

## M E M O R A N D U M   O P I N I O N

Galveston County Probate Court Judge Kimberly Sullivan sued Galveston County Judge Mark Henry and Galveston County Commissioners Darrell Apffel, Joe Giusti, Stephen Holmes, and Ken Clark (collectively, the "Commissioners

Court" or "Appellants"), asserting claims arising from the Commissioners Court's failure to provide her requested $5,000 supplement for her services as the county's local administrative statutory probate court judge. The parties proceeded to a bench trial and the trial court signed a judgment in favor of Judge Sullivan, finding that the Commissioners Court's refusal to grant her requested $5,000 supplement constituted an *ultra vires* act that was beyond the Court's granted authority.

Appellants appealed and assert several legal issues challenging the trial court's judgment. For the reasons below, we affirm.

## BACKGROUND

Our analysis of Appellants' issues is grounded in certain statutes governing (1) the salary of a statutory probate court judge, and (2) the collection and distribution of money in a statutory probate court contributions fund. To provide a context for the underlying dispute and our analysis, we begin with an overview of relevant jurisprudence.

### *Statutory Scheme*

A statutory probate court has the general jurisdiction of a probate court as provided by the Texas Estates Code as well as the jurisdiction provided for a county court regarding certain actions brought under the Texas Health and Safety Code. *See* Tex. Gov't Code Ann. § 25.0021(b). The Texas Government Code provides as follows with respect to a statutory probate court judge's salary:

> The commissioners court shall set the annual salary of each judge of a statutory probate court at an amount that is at least equal to the total annual salary received by a district judge in the county. A district judge's or statutory probate court judge's total annual salary includes contributions and supplements paid by the state or a county, other than contributions received as compensation under Section 25.0022(e).

Act of May 20, 2003, 78th Leg., R.S., ch. 1276, § 9.0025, 2003 Tex. Gen. Laws

2

4158, 4203 (amended 2019) (current version at Tex. Gov't Code Ann. § 25.0023(a)).[1]

Certain actions filed in statutory probate courts are subject to a $40 filing fee; these fees are sent to the state comptroller and deposited in the state judicial fund. Tex. Gov't Code Ann. § 51.704(a), (c). The judicial fund "is created in a separate fund in the state treasury to be administered by the comptroller. The fund shall be used only for court-related purposes for the support of the judicial branch of this state." *Id*. § 21.006. At the beginning of each fiscal year, the state compensates each county that collects these fees "in an amount equal to $40,000 for each statutory probate court judge in the county." *Id*. § 25.00211(a). If the total amount collected by the state exceeds the amount it sends back to the counties, "the state shall remit the excess proportionately to each county that deposited a greater amount in the judicial fund under Section 51.704". *Id*. § 25.00212(a). These excess amounts "shall be paid to the county treasury for deposit in the contributions fund created under Section 25.00213." *Id*. at (b).

Section 25.00213 provides as follows with respect to these statutory probate court contributions funds:

> (b) Money in a contributions fund created under this section may be used only for court-related purposes for the support of the statutory probate courts in the county, including for the payment of the compensation of a statutory probate court associate judge in accordance with Section 54.605.

> (c) A county may not reduce the amount of funds provided for the support of the statutory probate courts in the county because of the availability of funds from the county's contributions fund.

---

[1] We cite to the version of this statute in effect when the budget requests at issue were eliminated by the Commissioners Court. This is the same version of the statute the parties cite in their briefing.

*Id*. § 25.00213(b), (c).

Texas' state statutory probate judges are also charged with electing a presiding judge from their number. *Id*. § 25.0022(b). The presiding judge "may perform the acts necessary to carry out this section and to improve the management of the statutory probate courts and the administration of justice." *Id*. at (c). In September 2001, Judge Guy Herman, the presiding judge of the statutory probate courts, promulgated Administrative Order 2001-11. This Order, in relevant part, provides as follows:

> Each county that has a statutory probate court shall have a local administrative statutory probate court judge.
>
> In a county that has one statutory probate court, the statutory probate court judge serves as the local administrative statutory probate court judge.

The Order lists ten duties assigned to local administrative statutory probate court judges, including implementing and executing local rules of administration, supervising the movement of court caseloads, and supervising nonjudicial personnel.

***Underlying Dispute and Trial Court Proceedings***

In January 2011, Judge Sullivan assumed office as Galveston County's sole statutory probate court judge. Pursuant to Judge Herman's Order 2001-11, she also serves as the county's local administrative statutory probate court judge.

Each year, Judge Sullivan submits to the Commissioners Court a budget request for the upcoming fiscal year that seeks to fund certain expenditures from the Galveston County statutory probate court contributions fund ("Account 2216").[2] *See id*. §§ 25.00212(a), (c), 25.00213(b), (c). Judge Sullivan included in

---

[2] Judge Sullivan's salary for her position as statutory probate court judge is not drawn

4

this yearly request a $5,000 supplement as compensation for her services as the local administrative statutory probate court judge. According to Judge Sullivan, for "each year before 2015, the $5,000 for administrative services was paid from [Account 2216] . . . to the statutory probate judge."

The Commissioners Court eliminated Judge Sullivan's $5,000 supplement from her budget requests for fiscal years 2015 and 2016. The $5,000 supplement was granted on Judge Sullivan's fiscal year 2017 and 2018 budget requests, but again was eliminated from her fiscal year 2019 budget request.

Judge Sullivan sued the Commissioners Court and asserted claims arising from the Court's denial of her requested $5,000 supplement.[3] Specifically, Judge Sullivan (1) requested a declaratory judgment, and (2) asserted an *ultra vires* claim alleging that the Commissioners Court lacked the discretion or authority to refuse the requested $5,000 supplement.

Appellants filed a plea to the jurisdiction, contending that they are entitled to legislative and governmental immunity. The trial court denied the Appellants' plea and they filed an interlocutory appeal. On appeal, we modified the trial court's ruling to grant the Appellants' plea as to Judge Sullivan's claims for monetary relief for the fiscal year that ended before the appeal was argued and submitted. *See Henry v. Sullivan*, 499 S.W.3d 545, 557-58 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (noting that some of Judge Sullivan's claims for prospective monetary relief had "become claims for retrospective monetary relief that are barred by governmental immunity"). We affirmed the trial court's denial of

_____

from Account 2216.

[3] Judge Sullivan filed suit in October 2014, asserting claims arising from the Commissioners Court's denial of the $5,000 supplement for fiscal year 2015. In her third amended petition, Judge Sullivan also asserted claims arising from the supplement's denial in fiscal years 2015, 2016, and 2019.

5

Appellants' plea as modified and remanded the case for further proceedings. *See id*. at 558.

On remand, the parties proceeded to a bench trial. After hearing evidence and the arguments of counsel, the trial court signed a final judgment in favor of Judge Sullivan and awarded her $63,681 in attorney's fees. The trial court also issued findings of fact and conclusions of law. The trial court's findings of fact are summarized as follows:

- Judge Sullivan serves as the Galveston County local administrative statutory probate court judge and performs the administrative duties outlined in Judge Herman's order.

- From fiscal year 2011 through 2014, Judge Sullivan directed to be paid and received from Account 2216 a $5,000 annual supplement for her services as the local administrative statutory probate court judge.

- For fiscal years 2015, 2016, and 2019, Galveston County's chief financial officer was instructed by County Judge Mark Henry to remove the $5,000 supplement Judge Sullivan requested from Account 2216.

- Judge Henry and the Commissioners Court made no determination as to whether the $5,000 supplement was "for court related purposes".

- The sum of $5,000 is a reasonable amount for the duties performed by a local statutory administrative probate court judge.

- Judge Sullivan's requested $5,000 supplement is for "court related purposes".

The trial court also issued the following relevant conclusions of law:

7. Money allocated from the state judicial fund in to [sic] a county's "Contributions Fund" is to "be used only for court-related purposes for the support of the statutory probate courts in the county." [Tex. Gov't Code Ann.] § 25.00213(b). This is the only statutory restriction on how the funds may be used.

8. As to payments from a county's "Contribution[s] Fund," the commissioners' court is authorized to make reasonable

6

decisions as to whether a particular expenditure is for court related purposes, subject to judicial review for abuse of discretion.

*     *     *

12. The Galveston County Commissioners Court does not have absolute discretion over how the funds in "Contribution[s] Fund," account 2216, are allocated or spent. The court has limited discretion as to expenditures from the "Contribution[s] Fund" and that discretion is limited to the determination as to whether the expenditure is court related.

13. The action of Judge Henry and the other commissioners in refusing Judge Sullivan's direction to pay $5,000 solely from the "Contributions Fund," account 2216, to Judge Sullivan's [sic] for her service as the Galveston County Local Administrative Statutory Probate Judge was arbitrary and capricious.

14. The act of [the Commissioners Court] in refusing to follow Judge Sullivan's direction to pay $5,000 paid solely from the "Contributions Fund," account 2216, to her for her service as the Galveston County Local Administrative Statutory Probate Court was ultra vires and beyond their granted authority.

Appellants timely appealed the trial court's final judgment.

ANALYSIS

Appellants raise four issues on appeal:

1. The trial court's judgment violates the Texas Constitution's separation-of-powers provision.

2. The trial court's judgment encroaches on the Commissioners Court's legislative functions.

3. The trial court erroneously concluded that members of the Commissioners Court acted *ultra vires*.

4. The trial court erroneously awarded Judge Sullivan her attorney's fees.

We discuss the applicable standard of review before analyzing Appellants' issues.

7

## I. Standard of Review

Appellants' issues on appeal assert legal arguments challenging the trial court's conclusions of law. We review a trial court's conclusions of law *de novo*. *Lyda Swinerton Builders, Inc. v. Cathay Bank*, 566 S.W.3d 836, 841 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). When undertaking a *de novo* review, we exercise our own judgment and redetermine each legal issue. *Trelltex, Inc. v. Intecx, L.L.C.*, 494 S.W.3d 781, 790 (Tex. App.—Houston [14th Dist.] 2016, no pet.). As part of this determination, we consider whether the conclusions are correct based on the facts from which they are drawn. *Summit Global Contractors, Inc. v. Enbridge Energy, Ltd. P'ship*, 594 S.W.3d 693, 699 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

## II. Separation of Powers

Asserting that the trial court's final judgment constitutes a violation of the Texas Constitution's separation-of-powers provision, Appellants argue that the judiciary is strictly forbidden from setting their own salaries. Appellants address this legal challenge to certain statements contained within the trial court's final judgment.[4] We construe this argument with respect to the trial court's analogous conclusions of law. *See Dickerson v. DeBarbieris*, 964 S.W.2d 680, 684 (Tex. App.—Houston [14th Dist.] 1998, no pet.) ("findings of fact and conclusions of law filed after a judgment are deemed controlling as to any conflict therewith").

Appellants' argument relies on the following provision in the Texas

---

[4] Specifically, Appellants address arguments towards the following statements: (1) "the only question, therefore, is did the Galveston County Commissioners Court have any authority over payment made from the contributions account 2216 other than to determine whether or not the payment was 'for court related purposes'"; and (2) the Commissioners Court "did not [have the authority] and the action of refusing to follow Judge Sullivan's direction to pay $5,000 from account 2216 for administrative service to the local administrative statutory probate court judge, Judge Sullivan, was arbitrary and capricious."

Constitution:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another; and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

Tex. Const. art. II, § 1. Appellants argue that this provision is intended to prevent the scenario presented here, wherein "an elected official of the judiciary exercis[es] the sole discretion of setting [her] own salary and directing payment from the county." Appellants do not cite any case law or other authority applying the separation-of-powers provision in the context presented here.

Our resolution of this issue rests on an analysis of the statutes summarized above. In construing a statute, our objective is to determine and give effect to the Legislature's intent by looking to the plain and common meaning of a statute's words. *Harris Cty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009). We analyze the statutory language in context, considering the specific section at issue as well as the statute as a whole. *CHCA Woman's Hosp., L.P. v. Lidji*, 403 S.W.3d 228, 232 (Tex. 2013). We presume that the Legislature included each word in the statute for a purpose and that words not included were purposefully omitted. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam).

Construing Appellants' argument in the applicable statutory context, we reject their contention that the trial court's final judgment violates the Texas Constitution's separation-of-powers clause. With respect to the salaries of statutory probate court judges, the Legislature set a single parameter on a

9

commissioners court's determination: that the amount be "*at least equal to* the total annual salary received by a district judge in the county." *See* Act of May 20, 2003, 78th Leg., R.S., ch. 1276, § 9.0025, 2003 Tex. Gen. Laws 4158, 4203 (amended 2019) (emphasis added). And, for statutory probate court contributions funds like Account 2216, the Legislature instructed that money from these funds "may be used *only for court-related purposes* for the support of the statutory probate courts in the county". *See* Tex. Gov't Code Ann. § 25.00213(b) (emphasis added).

The trial court's conclusions of law and the findings of fact from which they are drawn are consistent with the Legislature's intent as expressed in these provisions. *See Summit Global Contractors, Inc.*, 594 S.W.3d at 699. Specifically, the trial court concluded that the Commissioners Court has "limited" discretion over expenditures from Account 2216 and only may determine "whether the expenditure is court related". *See* Tex. Gov't Code Ann. § 25.00213(b). The trial court found that the Commissioners Court did not make this determination and did not consider whether Judge Sullivan's requested $5,000 supplement was "for court related purposes".[5] Drawing from this finding of fact, the trial court concluded that the Commissioners Court's denial of Judge Sullivan's requested supplement therefore was "arbitrary and capricious" and "beyond their granted authority." In a separate conclusion, the trial court confirmed that a statutory probate court judge's salary (separate and apart from expenditures from a statutory

---

[5] Appellants do not challenge this finding on appeal. Unchallenged findings of fact are binding on an appellate court unless the contrary is established as a matter of law or there is no evidence to support the finding. *Alta Mesa Holdings, L.P. v. Ives*, 488 S.W.3d 438, 445 n.8 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). Here, sufficient evidence supports this finding: in his video deposition (which was admitted into evidence at the bench trial), County Judge Henry testified that he did not recall whether the Commissioners Court determined if the $5,000 supplement was for "court-related purposes". No other evidence was presented at trial suggesting that the "court-related purposes" analysis was undertaken.

probate court contributions fund) is to be set by the Commissioners Court in an amount at least equal to the salary received by a district judge. *See* Act of May 20, 2003, 78th Leg., R.S., ch. 1276, § 9.0025, 2003 Tex. Gen. Laws 4158, 4203 (amended 2019).

Statutes are the best evidence of the Legislature's intent. *See Bosque Disposal Sys., LLC v. Parker Cty. Appraisal Dist.*, 555 S.W.3d 92, 94 (Tex. 2018) ("the Legislature expresses its intent by the words it enacts and declares to be the law") (internal quotation omitted). Here, the trial court's conclusions of law properly interpret and apply the relevant statutory scheme, thereby refuting any argument that the trial court's judgment violates the Texas Constitution's separation-of-powers provision.

Moreover (and contrary to Appellants' contention), the trial court's judgment and conclusions of law do not suggest that Judge Sullivan has "the sole discretion of setting [her] own salary". The trial court's conclusions laid out the statutory parameters for an expenditure from a statutory probate court contributions fund and concluded that the Commissioners Court acted *ultra vires* in failing to make the necessary determination regarding whether Judge Sullivan's $5,000 request was for "court-related purposes". *See* Tex. Gov't Code Ann. § 25.00213(b). The trial court's judgment did not give Judge Sullivan free reign over her salary; rather, it correctly interpreted and reaffirmed the applicable limitations provided by statute.

We conclude the trial court's judgment does not violate the separation-of-powers provision and overrule Appellants' first issue.

## III.     Encroachment on Legislative Functions

Appellants' second issue raises several legal arguments that broadly

challenge the propriety of the trial court's final judgment. For ease, we consider these arguments separately.

## A. Commissioners Court's Budgetary Powers

Arguing that the Commissioners Court's creation of the county budget is a "legislative function", Appellants assert that this function "is generally protected from the scrutiny of the judicial branch by the constitutionally-mandated separation of powers doctrine".

As Appellants note, this court previously has discussed a commissioner's court's role with respect to the formulation of a county's budget. *See Harris Cty. v. Nagel*, 349 S.W.3d 769, 794 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) ("In creating the county budget, the commissioners court performs a legislative function. The allocation of county funds is a policymaking determination.") (internal citation omitted). But aside from this general proposition, Appellants do not cite any case law or other authority suggesting the Commissioners Court may disregard statutory authority governing the expenditure of certain funds in the exercise of its budgetary powers. Because the trial court's final judgment correctly interprets and applies the applicable statutory scheme, we reject Appellants' contention that the judgment improperly overrides the Commissioners Court's budgetary functions.

## B. Judge Sullivan's Duties as the Local Administrative Statutory Probate Court Judge

Appellants assert "that there are no statutes proscribing or requiring that Sullivan serve, or perform any duties, as a local administrative judge." Pointing out that Judge Sullivan is the only statutory probate court judge in Galveston County, Appellants contend that the trial court's judgment "results in an absurd finding that Sullivan would serve as the local administrative judge over only

12

herself."

Despite Appellants' argument, Judge Sullivan's role as the local administrative statutory probate court judge finds support in certain statutes and guidance issued pursuant to those statutes. Texas Government Code section 25.0022(c) provides that the presiding judge of the state's statutory probate courts "may perform the acts necessary to carry out this section and to improve the management of the statutory probate courts and the administration of justice." Tex. Gov't Code Ann. § 25.0022(c). In accordance with this section, Judge Herman, presiding judge of the state's statutory probate courts, promulgated Administrative Order 2001-11 and ordered that each county with a statutory probate court was to have a local administrative statutory probate court judge. For counties with only one statutory probate court, the Order expressly states that "the statutory probate judge serves as the local administrative statutory probate judge." The Order goes on to list ten duties assigned to the local administrative statutory probate court judges.

Also admitted into evidence during the bench trial was a September 24, 2003 opinion letter from then-Attorney General Greg Abbott, in which he responded to an inquiry from Harris County Attorney Mike Stafford regarding "the authority of the presiding judge of the statutory probate courts to adopt statewide local rules of administration for the statutory probate courts." Attorney General Opinion No. GA-0105. Citing section 25.0022(c), the Attorney General's opinion concludes that "[t]he presiding judge of the statutory probate courts was and is authorized to promulgate statewide local rules of administration for the statutory probate courts", including Opinion 2001-11.

Guided by this opinion, we reject Appellants' contention that the trial court's judgment "results in an absurd finding that Sullivan would serve as the local

13

administrative judge over only herself".  Judge Sullivan's dual roles as Galveston County's sole statutory probate court judge and its local administrative statutory probate court judge fall firmly within the applicable statute and the guidance issued pursuant to that statute.

## C.    Attorney General Opinion No. GA-0891

Appellants also assert that the trial court's final judgment is inconsistent with Attorney General Opinion No. GA-0891, issued on October 28, 2011.  In this opinion, the Attorney General answered an inquiry regarding the compensation of statutory probate court judges in Galveston County.  Appellants argue that the opinion "clarifie[s] that the plain language of the statutes addressing the salary of the Galveston County Probate Court does not require that the judge receive any supplementary compensation related to his or her designation as a local administrative probate judge."

In relevant part, Opinion No. G-0891 states:

Your third question asks whether the Galveston County Statutory Probate Judge should receive additional funds by reason of her designation as the local administrative probate judge.  While Government Code subsection 659.012(d) expressly provides that "a district judge who serves as the local administrative district judge under Section 74.091 is entitled to an annual salary from the state that is $5,000 more than the salary from the state to which the judge is otherwise entitled," no corresponding state salary allocation exists for local administrative probate judges.  Instead, local administrative probate judge salaries are governed by the same statute applicable to all statutory probate courts, Government Code subsection 25.0023(a), which simply establishes a minimum salary "at least equal to the total annual salary received by a district judge in the county."  No statute requires the local administrative probate judge to receive additional compensation.

(internal citations omitted).

14

We agree with Appellants — Opinion No. G-0891 clearly states that the governing statutes do not require that a local administrative statutory probate court judge receive additional compensation. And, as we discussed in our statutory analysis above, Texas Government Code section 25.0023(a) is the only provision governing statutory probate court judges' salaries and sets a minimum threshold. *See* Act of May 20, 2003, 78th Leg., R.S., ch. 1276, § 9.0025, 2003 Tex. Gen. Laws 4158, 4203 (amended 2019).

However, Opinion No. G-0891 does not ***prohibit*** a local administrative statutory probate court judge from receiving additional compensation or supplemental funds — it only concludes that "[n]o statute requires the local administrative probate judge to receive additional compensation." Opinion No. GA-0891 does not analyze statutory probate court contributions funds, the restrictions on expenditures from those funds, or the interplay between these contributions funds and the statutory provision addressing compensation for statutory probate court judges.

In contrast, Judge Sullivan's claims and the trial court's conclusions of law focus on statutory probate court contributions funds and restrictions on the expenditures from those funds. *See* Tex. Gov't Code Ann. § 25.00213(b) ("[m]oney in a contributions fund created under this section may be used only for court-related purposes for the support of the statutory probate courts"). This is an issue separate from the salary minimum set in section 25.0023 and reiterated in Opinion No. G-0891. Because the trial court concluded (among other things) that the Commissioners Court did not analyze whether Judge Sullivan's requested expenditure from the statutory probate court contributions fund complied with the applicable statutes, Opinion No. G-0891 is not at odds with the trial court's final judgment or its application of the statutory scheme.

15

We overrule the Appellants' second issue.

## IV.    The *Ultra Vires* Cause of Action

In their third issue, Appellants challenge the trial court's conclusion of law number 14, which states:

> The act of [the Commissioners Court] in refusing to follow Judge Sullivan's direction to pay $5,000 paid solely from the "Contributions Fund," account 2216, to her for her service as the Galveston County Local Administrative Statutory Probate Court was ultra vires and beyond their granted authority.

In support of this contention, Appellants summarily assert that "the trial court erred in determining that the Commissioners Court had some ministerial, statutory duty to pay Sullivan her self-approved supplemental compensation."

To prevail on an *ultra vires* claim, the plaintiff must plead and prove that a governmental official acted without legal authority or failed to perform a purely ministerial act. *Chambers-Liberty Ctys. Navigation Dist. v. State*, 575 S.W.3d 339, 344-45 (Tex. 2019). An official with "some discretion to interpret and apply a law may nonetheless act 'without legal authority,' and thus *ultra vires*, if he exceeds the bounds of his granted authority or if his acts conflict with the law itself." *Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017) (quoting *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 158 (Tex. 2016)). "Ministerial acts" are those "where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 587 (Tex. 2015).

Here, we agree with the trial court's conclusion that the Commissioners Court's refusal to grant Judge Sullivan's requested $5,000 supplement constitutes an *ultra vires* act. As we have discussed, the statute governing expenditures from statutory probate court contributions funds provides that these expenditures must

16

be for "court-related purposes for the support of the statutory probate courts". Tex. Gov't Code Ann. § 25.00213(b). The trial court found that the Commissioners Court did not comply with this mandate and did not determine whether the requested $5,000 supplement was for "court-related purposes".[6] Despite the failure to make this threshold determination required by statute, the Commissioners Court nonetheless refused to grant Judge Sullivan's $5,000 supplement. This failure to comply with section 25.00213(b)'s clearly-defined duty suffices to support Judge Sullivan's *ultra vires* claim. *See Hall*, 508 S.W.3d at 238; *Sw. Bell Tel., L.P.*, 459 S.W.3d at 587.

We overrule Appellants' third issue.

## V.      Attorney's Fees

In their final issue, Appellants assert that the trial court erroneously awarded Judge Sullivan her attorney's fees. Appellants base this argument on the other issues they raise on appeal, contending that these issues show "this case should be dismissed in its entirety."

Because we do not sustain any of Appellants' other issues on appeal, we decline to disturb the trial court's award of Judge Sullivan's attorney's fees. We overrule Appellants' fourth issue.

CONCLUSION

We affirm the trial court's October 31, 2018 final judgment.

---

[6] As we discussed above, Appellants do not challenge this finding on appeal.

/s/     Meagan Hassan
Justice


Panel consists of Justices Bourliot, Hassan, and Poissant.